## Agatha U. LaVoice v. Arthur A. LaVoice

[ 214 A.2d 53 ]

June Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed October 5, 1965

*Bloomer & Bloomer* for libellant.

*Corsones & Hansen* for libellee.

**Barney, J.** This is a contempt matter. The petition below was based on a temporary order made four and a half years ago, while a divorce libel was pending, as it still is. The order had run two hundred weeks and the libellee was alleged to be $4,645.00 in arrears at the time of the contempt hearing. No proceedings, either by way of enforcement of the temporary order or requests to amend or modify it, had been had in the interim.

The libellee defended on the ground that the minor children, for whom three-fourths of the weekly forty dollar payment was allocated, had all left the libellant's custody and become self-supporting. One girl had attained her majority; another girl had married; and the youngest, a boy, had enlisted in the armed forces with his mother's consent. Although the lower court did find the libellee in contempt, it · agreed with his measuure of his financial responsibility for the children's support, and found him to be in arrears only to the extent of $635.00.

The libellant contended that so long as the court order was in effect without modification, the libellee was bound to obey it according to its terms, with the burden on the libellee to seek any appropriate changes.

■ It is certainly true that a party subject to an order is bound to bring before the court any alteration in the circumstances of the parties, if he is to obtain a change in the provisions of that order. *Hall* v. *Hall,* 124 Vt. 410, 412, 206 A.2d 786. The fact that this was a temporary order did not affect his responsibility in this connection.

■ The libellant, also, cannot escape a measure of responsibility for the situation in this case. Unless the court is informed that its order is not being obeyed, it cannot know that respect for its decrees is jeopardized. Unless enforcement machinery is put into motion by

the party in whose favor the order runs, the delinquencies may accumulate to the point where full recovery is impossible. In such a case, compelling payment under a contempt order of less than the total amount due is not to excuse the violation of the libellee, nor is it an amendment of the order. It is a recognition that complete performance is an impossible requirement because of the long-continued noncompliance by the libellee, unreported by the libellant.

There is another disturbing aspect to this proceeding. The divorce libel has apparently gone unheard long enough to be eligible for discontinuance under County Court Rule 3 (2). (12 V.S.A. App. II). The parties remain married. For four years the temporary order has performed the function properly reserved to an order under 15 V.S.A. § 293, dealing with support and maintenance for minor children whose parents are living apart. This is an inappropriate use of a temporary order in divorce proceedings, and the matter should be remedied below.

The county court interpreted 15 V.S.A. § 672 as not contemplating support for children except during their minority. This was correct. That section reads:

> Either party may apply for temporary relief, and the court to which the cause is returnable, or a superior judge, on such notice to the adverse party as the court or judge directs, may make such order as is just in regard to temporary alimony and funds to support the wife and minor children, and maintain the litigation during the pendency of the libel.

Under this, the judicial authority to order the provision of support for children during the period between the bringing and hearing of a libel exists only during their minority, and terminates with it. Most jurisdictions so hold. See annotation, 162 A.L.R. 1084. This conclusion, found in the findings, was unopposed.

The libellant did challenge the trial court's conclusion of law, placed in the findings, that the legal obligation to support ceased when the children became self-supporting through marriage or enlistment in the military service before majority. This conclusion is, of course, also consistent with the purpose of temporary support as contemplated by 15 V.S.A. § 672. The objective of this section is not then to bring about a disposition of assets and income of the parties intended to be permanent. That is left to be performed under the authority of 15 V.S.A. §§ 751-7. Section 672 merely concerns itself with family maintenance pending such a permanent settlement. Since it is not intended to be

distributive, but merely adequately sustaining, an order under it need not provide for self-supporting dependents.

The specific contention of the libellant turned on the point that, while all of this may be so, it should have been raised previously by a proceeding initiated by the libellee. She contends that as long as the order was unmodified, changes in the situation of the children were irrelevant.

This position is certainly incorrect, under the statute, as to minors who have attained majority. The statutory purpose likewise justifies, if it does not compel, the termination of support responsibility in the libellee toward minor children who have become self-supporting and emancipated through marriage or enlistment in the armed forces with parental consent. The power to punish for contempt is discretionary in nature, and it is proper for the court to take all the circumstances, including the conduct of both parties and the lack of dependency status of the children, into account in determining the nature of the disobedience, and in deciding what performance will suffice to purge the contempt. *Orr* v. *Orr,* 122 Vt. 470, 474, 177 A.2d 233. So long as a reasonable basis for the discretionary action of the trial court is shown to be present, as it is here, this Court will not interfere. *Grow* v. *Wolcott,* 123 Vt. 490, 495, 194 A.2d 403.

The libellant also argues that the division of the support money, one-fourth to the libellant and three-fourths to the children, can be accounted for as a tax device. On that basis, says the libellant, the money was all intended for her, and she should not be deprived of it because the circumstances of the children have changed. It is perhaps enough to say that nothing in the language of the original order, or stipulation itself, suggests such a purpose. The trial court properly viewed the order as clear and unambiguous in this particular, and ruled accordingly. With the duty on this Court to sustain the order of that court, if supported by reasonable grounds, we cannot say this was error.

*Judgment affirmed.*