### Barbara DeWolfe v. D. James DeWolfe

[367 A.2d 662]

No. 5-76

Present: Barney, C.J., Daley, Larrow, Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed December 7, 1976

*Natt L. Divoll, Jr.*, Bellows Falls, for Plaintiff.

*Stephen H. Gilman*, Bennington, for Defendant.

Larrow, J. Plaintiff and defendant, married in 1954 and parents of three children, separated in 1967 and executed a separation agreement in New York. Defendant then resided in New York, plaintiff in Connecticut. In March, 1967, the parties were divorced in Mexico, by a decree which incorporated the provisions of the agreement by reference and provided that it "shall survive the decree and be binding upon the parties." Plaintiff, now resident in Vermont, brought suit for arrearages in alimony and support payments, seeking also an order for future payments, production of tax returns, and damages for emotional distress and loss of credit standing. Defendant answered, claiming overpayment and offset, and cryptically pleading:

COUNT II.

1. That the plaintiff is habitually living with another man. He prayed for modification of the agreement and order, by annulling the provision for support of the plaintiff.

The trial court, after hearing and the unexplained passage of some six months, made findings and a judgment order dismissing the claim for emotional distress and loss of credit standing,

and awarding plaintiff judgment for unpaid alimony provided for in the agreement and decree, plus additional amounts found to be due and unpaid under agreement provisions requiring additional payments when defendant's income exceeded a stated amount. It denied any offset on the ground that the separation agreement was silent as to the items making up the claimed overpayment; it denied any claim for modification on the ground that New York law did not apply to the agreement and that, in any event, it was not established that plaintiff was habitually living with another man. Added, but not explained, was the further ground that the requested modification was "a procedural issue."

The mathematical computation of the amounts awarded plaintiff do not seem to be seriously questioned, but defendant appeals upon the stated grounds that New York law should be applied to the separation agreement as incorporated in the Mexican decree, that the finding that plaintiff was not shown to be habitually living with another man was erroneous, and that there was error in denying defendant's counterclaim for offset on the ground that the agreement was silent as to the items making up the claimed overpayment.

 The New York statute here involved is § 248, Domestic Relations Law of the State of N.Y., Art. 13. That section provides for compulsory modification of a divorce decree to annul provisions for wife support in the event of her remarriage. It then goes on to provide, in its pertinent portion, as follows:

> The court in its discretion upon application of the husband on notice, upon proof that the wife is habitually living with another man and holding herself out as his wife, although not married to such man, may modify such final judgment and any orders made with respect thereto by annulling the provisions of such final judgment or orders or of both, directing payment of money for the support of such wife.

Much of the argument of the parties is directed to the question of whether this statute, as interpreted by the New York courts, governs this action, or whether Mexican law (not shown below or briefed here) applies. No answer to this question is required, because proof of the habitual living and holding out is completely lacking.

■ The transcript itself shows no testimony tending to establish either element. Although plaintiff admitted some relationship with a named party, the admission was nowhere near that defined by the statute. And defendant's claim that the relationship was admitted by failure to deny his claimed "counterclaim", quoted in full *supra*, fares no better. V.R.C.P. 8 does indeed require a responsive pleading to a counterclaim, with judicial admission the result of failure to deny. But the cryptic pleading we have quoted, not even designated a counterclaim, can scarcely be said to require affirmative answer as a matter of law. And, even if the factual allegation be deemed admitted, it goes only to the "habitual living with another man" and not to the second required element of "holding herself out as his wife." It is quite evident that defendant, both in his pleading and on trial, misapprehended the scope of the statute in question and pleaded and sought to prove only one of its elements. We are not required to decide the applicability of the New York statute because its elements have not been factually established. No error appears with respect to denial of the defendant's claim for modification, or in the amounts found due the plaintiff under the agreement and Mexican decree.

■ The denial of defendant's claim in offset, upon the grounds stated by the court, is not so easily supported. The ground asserted was that the separation agreement was "silent" as to the items making up the claimed overpayments. Presumably this gave defendant the status of a volunteer with respect to such overpayments, as the plaintiff claims. An examination of the transcript, the agreement, and the other exhibits, reveals a question of fact, however narrow in scope, which should have been decided by the trial court. Without extensive quotation, the agreement did contain a clause providing for consultation with respect to the education and training of the children, and a further provision for modification by signed written instrument. At least one exhibit, signed by plaintiff, evidences an agreement to participate in payment for extra dental expense for one of the children, and the record shows a dispute as to plaintiff's compliance with this agreement. Whether under the terms of the agreement itself, or dehors the instrument, any written promises by plaintiff to par-

ticipate in extra expenses, if not complied with, would be elements of counterclaim under V.R.C.P. 13. To the extent that such agreements were shown, compliance or non-compliance with them by the plaintiff should have been adjudicated by the trial court, and a remand for this purpose is necessary.

Plaintiff has asked that this court "update" the judgment below to include support payments accruing but unpaid since the date of judgment. Absent stipulation, we cannot do this without evidentiary basis. But equitable considerations certainly dictate that, upon remand, this result should be accomplished in connection with required rehearing on defendant's claim of offset. The mandate will accordingly so provide.

*So much of the judgment order below as relates to monetary judgment against the defendant is affirmed. The cause is remanded for hearing upon defendant's claim of offset with respect to payments expressly assumed by plaintiff and not reimbursed to the defendant, with leave to the plaintiff to amend her complaint to include support payments accruing and unpaid subsequent to those included in the judgment order, and to be heard thereon. Costs to the appellee in this Court.*