### Marie Elizabeth Stahl v. William M. Stahl

[385 A.2d 1091]

No. 194-77

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and Smith, J. (Ret.), Specially Assigned

Opinion Filed April 4, 1978

*Blum Associates, Inc.,* Burlington, for Plaintiff.

*Brooke Pearson* of *Gravel, Shea & Wright,* Burlington, for Defendant.

**Barney, C.J.** The plaintiff sought to have her husband, the defendant, a doctor, held in contempt for failing to comply with the support order outstanding as a result of a divorce action. The husband moved to amend the order, and the wife asked for judgment for the arrearages accumulated as a result of the husband's refusal to comply with the terms of the order. The proceedings below found the husband in con-

tempt, denied his motion to amend and rendered judgment for some $32,000 in arrearages. He has appealed.

At the time of the original divorce the parties had entered into a detailed separation agreement. According to the findings, the provisions of this agreement were transferred nearly verbatim into the judgment order. Custody of the five children was given to the wife, together with a required schedule of payments that appear to have combined child support and support and maintenance for the wife. She was to have $1,666.67 a month plus one-third of his net income in excess of $45,000. Both the agreement and the order specifically provided that if the wife remarried, the husband's obligation was to be reduced by fifty percent. Also, in essence, as each child achieved some sort of emancipation, the obligation went down ten percent.

The findings state that the wife has never remarried. This is the fact. The issue involved in the case relates to a period of two years during which the plaintiff cohabited with an unmarried man without any ceremonial marriage. It is the husband's contention that such conduct (a) justifies the termination of alimony payments, or (b) should be taken as equivalent to marriage and reduce his obligation by fifty percent, or (c) constitutes such a significant and material change in circumstances that it supports modification of the support order. The issue before us is whether or not the action of the lower court in rejecting all of these contentions is supportable.

It is to be noted that although the lower court found cohabitation between the former wife and an unmarried man, it also found that she had not held herself out as that person's wife. This is a key concern of some statutes. See *DeWolfe* v. *DeWolfe*, 134 Vt. 581, 583, 367 A.2d 662 (1976). Since Vermont does not recognize the common law marriage concept, *Morrill* v. *Palmer*, 68 Vt. 1, 7, 33 A. 829 (1895), even such a holding out would not bring the circumstances within the terms of the judgment order relating to the marriage of the plaintiff.

The agreement is important. It brings this case within the authority of *Clifford* v. *Clifford*, 133 Vt. 341, 344, 340 A.2d 60 (1975). The court below found no evidence that the behavior

of the wife burdened her former husband by requiring him to support the person with whom she was living, nor did it divert her from her duties toward the remaining minor child, seventeen at the time of the action. The relationship terminated sometime in 1975. The ability of the husband to pay the required support is unchallenged.

The trial court could find none of the factors required by our cases to support the amending of the judgment made pursuant to the agreement. *Braine* v. *Braine*, 127 Vt. 211, 243 A.2d 797 (1968). The evidence in the case supports the court's position. It follows that the provisions of that order were enforceable, and a judgment of arrearage founded thereon must stand.

*Judgment affirmed.*