### Barbara Cole Porter v. Pliny Allen Porter, III

[406 A.2d 398]

No. 321-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 10, 1979

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Plaintiff.

*John H. Carnahan* of *Fitts & Olson,* Brattleboro, for Defendant.

**Larrow, J.** The parties were divorced in 1965, by a decree which incorporated the provisions of an agreement providing for stated payments to the wife (termed support) until "the remarriage of the wife" or the death of either party. The decree also included agreed monthly payments for child support. The defendant now seeks modification of the alimony provision because of changed circumstances. Relief was denied by the trial court on the authority of *Stahl* v. *Stahl,* 136 Vt. 90, 385 A.2d 1091 (1978). We agree, and affirm.

The changed circumstances are virtually undisputed. In 1972 the plaintiff, now living in France, entered into a living "arrangement" with a medical student many years her junior, which still continues. They have had two children whom he acknowledges. He contributes toward their support and toward the expense of their apartment, paying for his and their support. No evidence was presented to show that either party helped support the other. There is no holding out to the public of any marriage relationship, none is claimed, and none seems to be either intended or considered important. No evidence was presented of any diversion of the plaintiff from her duties to the children of the parties. The defendant rests his claim for modification squarely and solely on these facts as a "de facto marriage." This has, he argues, all of the practical, factual attributes of legal marriage.

We do not accept this argument as well grounded. Even without extensive analysis, it is immediately apparent that a formal marriage carries with it duties of legal support not present in the plaintiff's "arrangement," as well as rights of inheritance. Defendant's effort to ignore these substantial distinctions is doomed by his failure to assert that French law is blind to them. Cf. *Lariviere* v. *Lariviere,* 102 Vt. 278, 280–81, 147 A. 700, 700–01 (1929) ; see V.R.C.P. 44.1.

Both the holding in *Stahl, supra,* and the general test laid down in *Braine* v. *Braine,* 127 Vt. 211, 243 A.2d 797 (1968), are controlling here. As in *Stahl,* there is no proof of any adverse effect on custodial care or of defendant's alimony being used to support another. And, as in *Braine,* there is no proof of any "unconscionable advantage" requiring modifica-

tion. It is not quite clear whether defendant's contention, that the agreement is unconscionable, is of a financial or moral nature, but in either event, there is no showing that any unconscionability existed at the time the agreement was made. Even had unconscionability been raised before the trial court as a basis for relief, a matter open to grave question, it was not sufficiently shown. Under circumstances with much more emotional appeal we denied relief in *Hudson* v. *Hudson,* 130 Vt. 225, 290 A.2d 31 (1972), and in *Clifford* v. *Clifford,* 133 Vt. 341, 340 A.2d 60 (1975). We did so because we recognized the underlying right of the parties to contract, subject to judicial approval, and to have their agreement honored under the ordinary rules of contract. What has happened in the instant case may have been unexpected, but it was not unforeseeable, even in 1965. Impossibility of performance is concededly not in issue. And unconscionable advantage, even if timely claimed, is asserted only to be occasioned by subsequent events, not attendant upon the making of the agreement. The "especially explicit exposition" of need for later alteration, required by *Braine, supra,* 127 Vt. at 213, 243 A.2d at 799, does not appear.

*Affirmed.*