### Helen H. Stevens and Charles B. Stevens v. Herbert Cohen and Sandra Cohen

[409 A.2d 604]

No. 147-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed December 4, 1979

*Paul S. Kulig* of *Crowley, Banse & Kenlan, Inc.,* Rutland, for Plaintiffs.

*Robert D. Rachlin* and *Debra A. Martin* of *Downs, Rachlin & Martin,* South Burlington, for Defendants.

**Billings, J.** On appeal is the order of the court below dismissing the appellants' negligence action under V.R.C.P. 41 (b)(2) at the close of appellants' evidence on liability. The appellants contend that the order should be reversed because it is based upon certain findings of fact which are clearly erroneous. V.R.C.P. 52(a).

In the case below it was alleged that Mrs. Cohen saw or should have seen a skate lying at the bottom of a flight of stairs over which Mrs. Stevens tripped. From the record, it is clear that there was testimony by Mrs. Stevens that Mrs. Cohen may have passed up the stairway immediately before Mrs. Stevens, and therefore may have had an opportunity to see the skate over which Mrs. Stevens subsequently tripped and fell.

Nevertheless, the court below made the following finding of fact:

> There is no evidence from which the Court can infer that the defendants, or either of them, knew or should have known that the skate was resting on the floor at the base of the stairs.

Absent such evidence, the court found that the plaintiff appellants had failed to meet their burden of proof with respect to the negligent conduct of the appellees. Inasmuch as notice of or opportunity to avoid a dangerous condition is essential to the appellants' case, see *Cameron* v. *Abatiell,* 127 Vt. 111, 118, 241 A.2d 310, 315 (1968), the order and findings below, if erroneous with respect to the issue of notice or opportunity must be reversed and set aside respectively as prejudicial error.

Appellants concede that insofar as these findings apply to appellee Herbert Cohen there is no error. Therefore, we confine our review of the findings to the evidence as it pertains to Sandra Cohen.

Findings of fact under V.R.C.P. 41(b)(2) and 52(a) are not set aside on review unless clearly erroneous when viewed in the light most favorable to the prevailing party,

excluding the effect of modifying evidence. *Seaway Shopping Center Corp.* v. *Grand Union Stores, Inc.*, 132 Vt. 111, 116, 315 A.2d 483, 486 (1974). The test for clear error has been articulated as follows:

> The prescribed law of this state is that findings must stand if there is any credible evidence which fairly and reasonably supports them, and this Court must construe them so as to support the judgment, if possible, and, further, that the weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony is for the sole determination of the trier of fact.

*Armstrong* v. *Hanover Insurance Co.*, 130 Vt. 182, 185, 289 A.2d 669, 671 (1972).

While the court may not have believed there was credible evidence or such evidence as to which it could ascribe sufficient weight to overcome appellees' motion, the error of such interpretation of the evidence is not before this Court. Our review is confined to the finding of "no evidence." In light of such portions of the record as have been called to our attention, this Court cannot say that there was *no* evidence from which to infer that Mrs. Cohen should have known that the offending skate was resting at the base of the stairs. No reasonable reading of the transcript can compel such a finding that "no evidence" on this point was presented below. We set aside the findings of fact and reverse the order of dismissal as they pertain to Mrs. Cohen.

*Affirmed as to appellee Herbert Cohen; reversed and remanded as to appellee Sandra Cohen.*