# Shirley M. Hess v. George H. Hess

[428 A.2d 1114]

No. 402-79

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and
Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 5, 1981

*Arthur J. O'Dea,* Manchester, for Plaintiff.

*Richard J. Wright,* Poultney, for Defendant.

**Hill, J.** This case emanates from over six years of legal disputes involving a marriage which ended in divorce.

The judgment order, entered in June 1974, granted custody of the parties' minor children to the plaintiff, Shirley M. Hess, and the defendant was ordered to pay alimony and child support. About ten months later, the defendant moved for modification of the court order and the plaintiff followed with a motion for contempt. The defendant in June 1975 was found in willful contempt, ordered to recompense $1,075.00, and the original judgment order was modified.

In September 1976, the parties executed and filed with the Bennington Superior Court a document, which lies at the heart of the present dispute, releasing the defendant from all existing and future obligations. The document was prepared and signed without either party consulting an attorney, and although it was filed with the clerk of the court a court order was never issued.

In March 1978, the plaintiff brought another motion for contempt. The court denied the motion but ordered defendant to make payments totaling $7,025.00. Citing inconsistencies in the findings, we reversed and remanded for a new hearing with leave for the defendant to present a motion for modification. *Hess* v. *Hess*, 137 Vt. 290, 402 A.2d 750 (1979).

The trial court on remand held that the document did not constitute release of the defendant's obligations. The court found that the plaintiff was subjected to mental stress and harassment by the defendant and that the document resulted from undue duress. The court also found the defendant was able to pay the court-ordered alimony and was in willful contempt. The plaintiff was found to be entitled to a writ of execution for $18,425.00. The defendant's motion for modification was denied.

The defendant argues on appeal that the trial court's findings are unsupported by the evidence and that enforcement of the order would be inequitable. We disagree, and affirm.

This Court will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, they are clearly erroneous. *Brown* v. *Town of Windsor*, 139 Vt. 129, 422 A.2d 1268 (1980); *Gerety* v. *Gerety*, 131 Vt. 396, 401, 306 A.2d 693, 695 (1973).

■ Although we generally favor contractual agreements between parties to a divorce proceeding and encourage parties to fashion mutually satisfying resolutions, see . *Strope* v. *Strope*, 131 Vt. 210, 303 A.2d 805 (1973), the evidence in the present case dictates a different course of action. A review of the testimony reveals that the defendant drew the release agreement and contacted the plaintiff constantly demanding her concurrence, thereby causing great stress. The plaintiff was without legal counsel, and testimony at the trial indicated that she did not understand the effect of the document when she signed.

Given this supporting evidence we cannot say that the trial court was in error in finding that the defendant coerced the plaintiff into signing the release.

■ The defendant, citing *LaVoice* v. *LaVoice*, 125 Vt. 236, 214 A.2d 53 (1965), claims that ordering payment of the arrearage constitutes an unconscionable burden on him. *LaVoice* involved a contempt proceeding and held that a debtor could not be jailed for refusing to reimburse monies owed pursuant to a divorce order which could not reasonably be afforded. In such circumstances a party may be required to pay only a portion of the sum, but without excusing the remainder of the debt. Here, although contempt was found, the judgment was not enforced by the contempt process. The trial court found the arrearage to be reasonable and permitted execution to issue as in any suit on a contract. We will not disturb this finding. See 15 V.S.A. § 760.

■ The defendant also invokes the equitable doctrine of promissory estoppel to challenge the trial court's order. He claims that the plaintiff's delay in attempting to collect alimony and support payments now precludes her from successful court action. Given the valid findings below concerning the unconscionable methods used to secure the release document which lies at the center of this appeal, it would be anomalous to find for the defendant on the estoppel issue.

*Judgment affirmed.*