# Joyce Cliche v. Arnold Cliche

[442 A.2d 60]

No. 202-81

**Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed February 2, 1982

*Gary D. McQuesten* of *Valsangiacomo & Detora, P.C.,* Barre, for Plaintiff.

*William W. Dibbern,* Barre, for Defendant.

**Billings, J.** The parties here were divorced in 1980 by a decree which incorporated the provisions of a stipulation for alimony payments to the plaintiff-appellant in the amount of $75.00 per week until such time as the plaintiff either remarried or died. Subsequently, the defendant-appellee sought to modify the alimony provision because of changed circumstances. Relief was granted by the trial court, and the alimony payments were reduced to $25.00 per week. From this order, plaintiff appeals.

In the defendant's petition for modification he claimed, and the trial court so found, that the parties' financial circumstances had changed. Since the date of the decree, the defendant's living expenses had increased and the plaintiff had become employed. In addition the trial court found that the defendant's income had been reduced by approximately fifty per cent because the defendant's health did not permit him to continue the work schedule he was maintaining at the time of the divorce decree. Hence, he had given up one of the three jobs that he had held. On appeal, plaintiff claims that the evidence did not support these findings and conclusions, that giving up a job voluntarily cannot be the basis for decreasing the support obligation, and that the defendant failed to meet the higher burden of proof required to modify an order which is based on a stipulation.

On appeal this Court will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous. V.R.C.P. 52; *Hess* v. *Hess,* 139 Vt. 336, 337, 428 A.2d 1114, 1116 (1981); *Brown* v. *Town of Windsor,* 139 Vt. 129, 130, 422 A.2d 1268, 1268

(1980). But, the party seeking modification pursuant to 15 V.S.A. § 758 must allege and establish a substantial change of circumstances since the original decree as a jurisdictional prerequisite. *Grant* v. *Grant,* 136 Vt. 9, 12, 383 A.2d 627, 629 (1978); *French* v. *French,* 128 Vt. 138, 139, 259 A.2d 778, 779 (1969). Furthermore, where a final decree is based on a stipulation which was accepted by the trial court, the party seeking modification must make an "especially explicit exposition." *Braine* v. *Braine,* 127 Vt. 211, 213–14, 243 A.2d 797, 799–800 (1968). The petitioner in establishing a change of circumstances must bear the burden of showing cause for being excused from a presumptively fair, formal, and binding promise to perform. *Id.* Circumstances intervening beyond the expectation of the agreeing parties, fraud, impossibility of performance, or unconscionable advantage if sufficiently shown support such a change. *Id.*

On the record before us the changes claimed were not intervening and unexpected. On the contrary, they were made voluntarily by the defendant. The evidence does not support the finding that the defendant's mental and physical health does not permit continuation of the defendant's work schedule. The only evidence on the record was that the defendant terminated one of his jobs voluntarily because he wanted more time to himself. There is no evidence to support a reduction of alimony based on impossibility of performance, fraud, or unconscionable advantage.

We recognize the right of the parties to contract subject to judicial approval and to have that agreement enforced under the ordinary rules of contract. *Porter* v. *Porter,* 137 Vt. 375, 377, 406 A.2d 398, 400 (1979). Defendant here has not sustained the heavy burden thrust upon him in attempting to modify an order based on a stipulation. *Braine* v. *Braine, supra,* 127 Vt. at 213–14, 243 A.2d at 799–800.

*Reversed.*