# Dawn L. Jacobs v. Arthur F. Jacobs, III

[473 A.2d 1165]

No. 82-428

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed February 3, 1984

*William M. McCarty,* Brattleboro, for Plaintiff-Appellant.

**Billings, C.J.** Plaintiff appeals from an order of the Windham Superior Court modifying an original divorce decree rendered on June 23, 1980. She claims three errors: (1) that the evidence does not support the findings of fact and conclusions of law; (2) that the court failed to make a finding relative to the original decree's order respecting insurance and medical payments; and (3) that the court erred in not holding a hearing on her specific V.R.C.P. 59 and 60(b) motions.

The original 1980 divorce decree incorporated a stipulation of the parties wherein defendant agreed to pay $35.00 weekly for the support of their minor child. In addition, defendant agreed to maintain health insurance coverage for the child as well as provide for one-half of all uninsured medical and den-

tal expenses. Except for a payment of $297.59 made to plaintiff in September, 1980, in response to a contempt order issued by the Windham Superior Court, defendant has not complied with the original order.

In June, 1982, defendant filed a motion for modification of the original support order, citing a substantial change in his financial circumstances. Plaintiff filed a petition for contempt, asking that defendant be found in willful contempt of the court's original order of June 1980. After hearing both defendant's motion for modification and plaintiff's petition for contempt, the court reduced defendant's support payments based on a finding that his financial circumstances had changed. Although defendant voluntarily left his employment in 1980, the court found that after unsuccessfully seeking employment out of state, defendant was now self-employed, at a reduced level of income, in a Brattleboro radiator repair business. The court further found that defendant was in arrearages in the amount of $1,470.00 based on the original support payments, but that he was not in contempt because he had an inability without fault to obey the original support order. The court ordered defendant to pay $15.00 weekly support and $10.00 a week on the arrearage until fully paid.

Plaintiff moved for relief from judgment pursuant to V.R.C.P. 59 and V.R.C.P. 60(b), claiming that the evidence did not support the court's finding of a change in defendant's financial circumstances. Without hearing, the court amended its order, raising the support payments to $20.00 weekly for one year, and thereafter, to $25.00 weekly.

 This Court will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous. V.R.C.P. 52; *Cliche* v. *Cliche,* 140 Vt. 540, 541, 442 A.2d 60, 61 (1982). A court may modify an original divorce decree if the petitioner demonstrates a substantial change of circumstances since the time of the original decree. *Id.* at 542, 442 A.2d at 61. Where the original decree incorporated a stipulation of the parties, the petitioner bears the burden of showing why he or she should be excused from a presumptively fair, formal and binding promise to perform.

*Braine* v. *Braine*, 127 Vt. 211, 213–14, 243 A.2d 797, 799 (1968). A modification of an original order is proper if the petitioner has proven unanticipated, intervening circumstances, fraud, impossibility of performance or unconscionable advantage. *Cliche, supra,* 140 Vt. at 542, 442 A.2d at 61. Further, inability without fault to obey an order of court is a valid defense to a charge of contempt. *Ohland* v. *Ohland,* 141 Vt. 34, 41, 442 A.2d 1306, 1310 (1982).

██ In the case at bar, the change of financial circumstances claimed by defendant was not intervening and unanticipated; rather, defendant freely admitted that he voluntarily quit his job in 1980 in order to spend more time with his girlfriend and did not work again until June, 1981, when he started his own radiator repair business. Nor was there any claim by defendant that he was incapable of compliance with the original order because of fraud, impossibility of performance or unconscionable advantage on the part of plaintiff. A change of circumstances resulting from a deliberate and voluntary act, absent a sufficient reason for the sacrificing of income, will not support either a modification of a decree based on the stipulation of the parties or a finding of inability without fault to obey the order. *Id.; Cliche, supra,* 140 Vt. at 542, 442 A.2d at 61–62.

██ Further, the evidence disclosed that defendant failed to obtain medical insurance for his child or contribute one-half of the cost of medical and dental treatment for the child as he agreed to do under the terms of the original order. The trial court failed to make any finding on this issue. Findings of fact made under V.R.C.P. 52 must state the facts essential to the disposition of the issues properly before the court. *American Trucking Associations* v. *Conway,* 142 Vt. 17, 23, 451 A.2d 42, 45 (1982).

██ The trial court's failure to hold a hearing on plaintiff's Rule 59 and 60(b) motions conflicts with our ruling in *Jensen* v. *Jensen,* 139 Vt. 551, 433 A.2d 258 (1981). There we stated that "a hearing should be granted on a V.R.C.P. 59 motion when the grounds relied upon are stated with particularity and the motion is neither frivolous nor totally lacking in

merit." *Id.* at 554, 433 A.2d at 260. Plaintiff's motion met these requirements, and a hearing should have been held.

*Reversed and remanded.*