### Nancy Stone Bullard v. Richard K. Bullard

[481 A.2d 1049]

No. 83-215

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed August 3, 1984

Harry A. Black and Gary R. Wieland of Black, Black & Shreve, White River Junction, for Plaintiff-Appellee.

Law Offices of Davis & Rounds, P.C., Windsor, for Defendant-Appellant.

Billings, C.J. Defendant-appellant appeals the denial of his petition to modify an order for maintenance, 15 V.S.A. § 758, by the District Court, Unit No. 6, Windsor Circuit. The defendant does not appeal from that part of the court's order that determined the amount of arrearage.

In September, 1982, the plaintiff-appellee sought to register, pursuant to 15 V.S.A. § 427 of the Uniform Reciprocal Enforcement of Support Act (URESA), a foreign support order. The order, issued by the Plymouth County Probate (Massachusetts) Court, required the defendant to pay the plaintiff $125 weekly. The terms of the order were the result of a stipulation between the parties. Upon receiving notice of the plaintiff's filing to register the foreign order, the defendant timely filed a motion to modify the foreign decree. 15 V.S.A. § 428(b). In November, 1982, the court ordered the registration of the foreign order. After a hearing on the defendant's motion to modify, and the plaintiff's motion to enforce the original order, the court issued its findings, conclusions and order denying the defendant's motion.

On appeal the defendant argues that the court erroneously applied the law with respect to modification of maintenance orders. During the hearing on the defendant's motion to modify, the court refused to allow testimony respecting the plaintiff's change of circumstances since the time of the original order.

Once a foreign support order is registered in Vermont, "[i]t has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as

a support order of this state and may be enforced and satisfied in like manner." 15 V.S.A. § 428(a). A maintenance action originally brought in Vermont may be brought against either spouse, 15 V.S.A. § 752(a), and a court may look to "the financial resources of the party seeking maintenance . . . [and] . . . the party's ability to meet his or her needs independently . . . ." 15 V.S.A. § 752(b)(1). The court may also look at the financial situation of the spouse from whom maintenance is sought. 15 V.S.A. § 752(b)(6).

■ When seeking to modify a maintenance or custody order, proof of a real, substantial and unanticipated change of circumstances is a jurisdictional prerequisite, *Mancini* v. *Mancini,* 143 Vt. 235, 239, 465 A.2d 272, 274 (1983) ; *Ohland* v. *Ohland,* 141 Vt. 34, 38, 442 A.2d 1306, 1308 (1982), and the burden of proof rests on the party seeking modification. *Mancini* v. *Mancini, supra,* 143 Vt. at 239, 465 A.2d at 274.*

■■ We agree with the defendant that since an original maintenance decree issued in Vermont takes into consideration the financial capabilities and prospects of both spouses, it is only reasonable and fair that in considering a modification of that original order, a court examine the evidence relating to the change in financial circumstances of either or both spouses. See *Cliche* v. *Cliche,* 140 Vt. 540, 541, 442 A.2d 60, 61 (1982) (the court found that "the parties' financial circumstances had changed.").

*Reversed and remanded only as to that part of the court's order denying the defendant's motion to modify.*

---

* We note here that the appellee asserts that the burden on the party seeking modification is a greater one when the original order was based on a stipulation. Although that was the law prior to the 1982 amendment to 15 V.S.A. § 758, see, e.g., *Cliche* v. *Cliche,* 140 Vt. 540, 542, 442 A.2d 60, 61 (1982) (party seeking to modify a decree based on stipulation "must make 'especially explicit exposition' "), the statute now in effect provides for the same standard whether or not a stipulation is involved. 15 V.S.A. § 758 (amended 1981, No. 247 (Adj. Sess.), § 13).