### Frederick P. Sylvia v. Janice F. Sylvia

[508 A.2d 708]

No. 84-254

Present: **Hill, Peck, Gibson and Hayes, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed 28, 1986

*Wool & Murdoch*, Burlington, for Plaintiff-Appellant.

*Austin D. Hart* of *Dinse, Erdmann & Clapp*, Burlington, for Defendant-Appellee.

**Per Curiam.** The parties in this action were divorced in 1980. The wife (defendant) received custody of the two children, and the husband (plaintiff) was ordered to pay child support of $75 per week per child and alimony of $50 per week, for a total of $200 per week. Defendant filed a petition to amend the order in 1983, and the trial court, after a hearing, increased the child support to $100 per week per child and the alimony to $75 per week, for a total increase of $75 per week. Plaintiff appeals, contending that defendant did not meet her threshold burden under 15 V.S.A. §§ 651(e) & 758 and, in the alternative, that the court's award was not supported by its findings. We disagree and affirm; the case is remanded, however, for the limited purpose of establishing an appropriate cost-of-living index.

Plaintiff first argues that defendant's petition to amend the original judgment order failed to show a "real, substantial, and unanticipated change of circumstances," 15 V.S.A. §§ 651(e) & 758, since the grounds alleged in the petition could have been anticipated when the original judgment order was filed in 1980. Plaintiff is correct that increases in the cost of living were not unanticipated. Nor were the increased costs of raising the children as they grew older unexpected. Nevertheless, the principal grounds on which the court below granted the increases were sound. First, the trial court found that at the time of the divorce, it was anticipated that defendant could "work in some capacity." This expectation was frustrated due to defendant's illness, and the court below concluded "that whatever employment Defendant undertakes in the immediate future will improve her financial well-being minimally; no dollar amount can be predicted." While defendant's illness and her general prognosis were known in 1980, the effects of the illness on her employability were not accurately foreseen. The loss of an anticipated employment qualifies as an unanticipated change of circumstances. See *Cliche* v. *Cliche*, 140 Vt. 540, 542, 442 A.2d 60, 61 (1982); *Swayze* v. *Swayze*, 176 Conn. 323, 338-39, 408 A.2d 1, 8 (1978). Secondly, plaintiff's income increased from $27,500 to $48,000 between the time of the initial order in 1980 and the amended order below, an increase of nearly

175%. The court below properly found that such a substantial rate of increase was not anticipated in 1980.

■ Plaintiff next argues that there was no evidence in the record to support the increase of $75 per week. He relies on defendant's testimony that her actual expenses in 1984 were less than the existing level of support obtained under the 1980 order. Plaintiff ignores testimony that defendant's actual 1984 expenses did not adequately provide for her family's needs as to food, house repairs, car repairs, or clothing. Considering this evidence, and excluding consideration of the anticipated effects of inflation and the increasing costs of raising older children, we cannot say that the total increase of $75 was clearly eroneous. See *Jacobs* v. *Jacobs*, 144 Vt. 124, 126, 473 A.2d 1165, 1167 (1984). Although plaintiff is correct that the court below should have explained more specifically how the increase of $75 per week was determined, we conclude that in light of the significant and unanticipated increase in plaintiff's income, the nearly total frustration of the employment expectations of defendant, and the inadequacy of existing alimony and child support, the findings are not clearly erroneous. See *id.*

■ We agree with plaintiff, however, that the future cost-of-living adjustment ordered by the court below does not contain sufficient guidance to be administrable. See *Roya* v. *Roya*, 145 Vt. 488, 491-92, 494 A.2d 132, 134-35 (1985). Consequently, the matter must be remanded for the limited purpose of establishing an appropriate index to determine the amount of the annual adjustments.

*The judgment of the superior court is affirmed, except for the cost-of-living clause, which is vacated; the case is remanded for the sole purpose of establishing an appropriate cost-of-living adjustment clause.*