# Keith Schnabel v. Nordic Toyota, Inc., et al.

[721 A.2d 114]

No. 97-336

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed October 2, 1998

*Christopher J. McVeigh* of *Paul, Frank & Collins*, Burlington, for Plaintiff-Appellee.

*Robert A. Mello* and *John H. Klesch* (On the Brief), South Burlington, for Defendants-Appellants.

**Amestoy, C.J.** Plaintiff-employee Keith Schnabel sustained a work-related injury, recovered, and then sought reinstatement to suitable employment under Vermont's workers' compensation statute. When defendant-employer Nordic Toyota did not offer the first available suitable position, Schnabel sued for reinstatement under 21 V.S.A. § 643b, and alleged handicap discrimination in violation of 21 V.S.A. § 495(a). After a bench trial, the superior court found liability under § 643b and awarded damages. Nordic Toyota appeals its liability and the award of damages based on Schnabel's alleged failure to mitigate. Schnabel cross-appeals the court's rulings on damages and its failure to issue findings and conclusions on the § 495(a) discrimination claim. We affirm.

The relevant facts are not in dispute. The record reflects that Schnabel was injured in 1991 while working for Nordic Toyota as an automobile mechanic. The injury occurred when an alignment lift failed and caused a car to drop and hit his head. After a brief absence, Schnabel returned to work, and eventually was promoted to shop foreperson with supervisory responsibility over two technician teams comprising seven technicians in all. In August of 1992, Schnabel left work because of increasing back pain resulting from the 1991 accident. In the fall of 1993, after receiving medical treatment for his injury, Schnabel believed he was ready to return to work. In November of that year, he was evaluated by a physician with the Spine Institute of New England in Williston and scheduled to enroll in a "work hardening" program designed to help him manage the psychological and emotional aspects of his pain and improve his strength and endurance for work.

In December of 1993, Schnabel learned that the Nordic Toyota employee who had replaced him as shop foreperson intended to quit the position. On December 17, 1993, Schnabel's attorney sent a letter to Nordic Toyota expressing Schnabel's interest and preparedness to be reinstated to that position, and asserting his rights to reinstatement pursuant to 21 V.S.A. § 643b.

On January 6, 1994, Nordic Toyota's director of human resources spoke with Schnabel's attorney and indicated that there was no foreperson's job available at Nordic Toyota. In a subsequent letter dated January 19, 1994, the director explained that the position had been eliminated in 1992 and replaced by the position of "Technician Group Leader" with a different pay structure. The director also represented that the group leader position for which Schnabel applied had been filled prior to the January 6, 1994 phone call. The letter further stated: "As previously discussed, because of Mr. Schnabel's own actions, and the hostile environment he has created in Nordic Toyota, Inc., we can only offer him employment in one of our other facilities."

The January 19, 1994 letter to Schnabel from the human resources director also contained an invitation to interview for a position as a "Service Writer" at Nordic Ford, a division separate from Nordic Toyota, but within the same parent company. Schnabel rejected the invitation. In March of 1995, he was offered a position as service writer at Nordic Toyota, which he accepted.

Schnabel sued Nordic Toyota for failure to reinstate him pursuant to 21 V.S.A. § 643b and for handicap discrimination under 21 V.S.A. § 495(a). He sought damages for past and future lost wages, as well as emotional and punitive damages. The court granted judgment for Nordic Toyota on emotional and punitive damages after the close of Schnabel's evidence. After trial, the court found Nordic Toyota liable for violation of Schnabel's reinstatement rights under 21 V.S.A. § 643b and awarded damages for past lost wages. It found that Schnabel was capable of performing the essential functions of the group leader position when it became available in January of 1994, and every conceivable function within a few days after the position became available. The court awarded damages for lost wages from 1994, 1995, and 1996. It found, however, that an award of future damages was not justified because Schnabel had returned to the same career track he would have been on had he been offered the group leader position in 1994, and evidence on the proper amount of future damages was speculative. The court also stated that the evidence presented did not support punitive damages. It did not issue findings and conclusions on the handicap discrimination claim under 21 V.S.A. § 495(a).

On appeal, Nordic Toyota claims the court erred in finding liability under 21 V.S.A. § 643b and claims that the award of damages should have reflected Schnabel's capacity to mitigate his damages by accept-

ing the service writer position with Nordic Ford. Schnabel cross-appeals and claims the court erred by failing to issue findings and conclusions on the handicap discrimination claim and failing to award future damages as well as emotional and punitive damages.

## I. Liability for Failure to Reinstate Under 21 V.S.A. § 643b(b)

Under Vermont's workers' compensation statute, an injured worker is entitled to reinstatement to his or her former position or a suitable alternative position upon recovery, provided the recovery occurs within two years of the onset of the disability. See 21 V.S.A. § 643b(b). The statute further provides that:

> [a] worker who recovers within two years of the onset of the disability shall be reinstated in the first available position suitable for the worker given the position the worker held at the time of the injury.

21 V.S.A. § 643b(b). Under the statute, "'[r]ecovery' means that the worker can reasonably be expected to perform safely the duties of his or her prior position or an alternative suitable position." *Id.* § 643b(a)(2). Nordic Toyota's central claim on appeal is that the court erred in finding liability.

## A. Schnabel's Recovery

Nordic Toyota claims the court erred in finding that Schnabel had recovered sufficiently to perform the duties required of the group leader position. The issue is whether Schnabel, in early 1994, could "reasonably be expected to perform safely the duties" of the group leader position in satisfaction of 21 V.S.A. § 643b(a)(2).

"This Court will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous." *Jacobs v. Jacobs*, 144 Vt. 124, 126, 473 A.2d 1165, 1167 (1984). Findings will not be disturbed merely because they are contradicted by substantial evidence; rather, an appellant must show there is no credible evidence to support them. See *Community Feed Store, Inc. v. Northeastern Culvert Corp.*, 151 Vt. 152, 154-55, 559 A.2d 1068, 1069 (1989). Where the trial court has applied the correct legal standard, the Supreme Court will uphold its conclusions of law if reasonably supported by the findings. See *Highgate Assocs., Ltd. v. Merryfield*, 157 Vt. 313, 315-16, 597 A.2d 1280, 1281-82 (1991).

According to the record, Schnabel underwent surgery in December of 1992 for a disc problem related to the 1991 injury and thereafter commenced a period of rehabilitation. Schnabel's treating surgeon placed him at an "end medical result" on August 11, 1993, which permitted subsequent "work hardening" rehabilitation to improve his strength and pain management. Dr. Rowland Hazard, a specialist in the treatment of back pain and a staff member of the New England Spine Institute, stated it was more likely than not that Schnabel was capable, as of February 19, 1994, of performing most, if not all, of the duties of group leader with the exception of repetitive lifting of fifty pounds.

▮ Schnabel testified that in January 1994 he could have satisfactorily performed the duties of a full-time mechanic at Nordic Toyota — a position with physical demands similar to those required of a group leader. The record indicates that the group leader position affords the person so employed the flexibility to assign physically demanding tasks to others. Although the court acknowledged conflicting evidence in the medical records concerning Schnabel's ability to return to work in the fall of 1993, the record provides support for the court's conclusion that Schnabel's disability "had come to a final medical resolution by August 11, 1993," and that Schnabel could reasonably be expected to perform safely the duties of group leader beginning in January of 1994.

### B. Notice to Employer of Schnabel's Recovery

Nordic Toyota next claims that even if Schnabel had sufficiently recovered to perform the duties of the group leader position, he failed to notify it of that fact and therefore responsibility for reinstatement under § 643b never attached. According to Nordic Toyota, the court misapplied the statute by charging it with the burden of discovering the status of Schnabel's recovery. The factual premise underlying this argument, however, is incorrect.

▮ The court found that Nordic Toyota "had ample notice that [Schnabel] wanted the job," and had received all medical records relevant to Schnabel's recovery. Thus, it was aware that Schnabel had reached a "medical end result" and was enrolling in a work hardening program. Furthermore, in mid-December of 1993, Schnabel's attorney contacted Nordic Toyota to inquire about the departure of Schnabel's replacement from the group leader position and to request that Schnabel be reinstated. The letter specifically referred to

Schnabel's reinstatement rights under § 643b and asserted that the group leader position would be appropriate "given [Schnabel's] physical capabilities and his automotive acumen." Therefore, the claim of error fails because Nordic Toyota had full notice of Schnabel's medical condition and preparedness to work.

## C. Pretextual Reason for Not Hiring

Nordic Toyota next claims that the court improperly read a mens rea element into the statute when it found that the "stated reasons for failing to offer Mr. Schnabel the group leader position were pretextual." The court found, and the record reveals, that in early 1994, Nordic Toyota did not communicate its concern that Schnabel had not recovered sufficiently to assume the group leader position to either Schnabel or his attorney. The record reveals that Nordic Toyota's primary concern was the hostile work environment allegedly created by Schnabel. Nordic Toyota now claims that because there was, in fact, a medical reason to deny hiring Schnabel as group leader, the fact that it had other reasons for not offering him the position is irrelevant. Its failure to make any reference to Schnabel's health at the time of the hiring decision undermines the credibility of its assertion that Schnabel had not recovered to such a degree that the group leader position would be suitable.

Assuming, arguendo, that Nordic Toyota is correct in its assertion that other reasons for not reinstating Schnabel are irrelevant, Nordic Toyota's claim of error remains predicated on its assertion that there existed a medical reason to deny reinstating Schnabel to the group leader position. The record, however, supports the court's finding that Schnabel had recovered sufficiently to assume the duties of a group leader. Moreover, Nordic Toyota failed to generate any evidence that its refusal to reinstate Schnabel to the group leader position was based even partly upon its concerns about the status of Schnabel's medical condition. Accordingly, Nordic Toyota's attempt to assign error to the court's "pretextual" reference fails. See *Greenberg v. Hadwen*, 145 Vt. 112, 116, 484 A.2d 916, 918 (1984) (unessential findings, even if incorrect, are not grounds for reversal).

## D. Suitable Employment: The "Service Writer II" Position

Nordic Toyota next argues that it avoided liability under § 643b by offering Schnabel the service writer position in late January 1994. Pursuant to § 643b(b), once an employee has recov-

ered "[t]he employer . . . shall reinstate the worker . . . in the first available position suitable for the worker . . . ." 21 V.S.A. § 643b(b). The trial court found that, for all practical purposes, the group leader position was the same as the foreperson job that Schnabel previously held. Nordic Toyota's refusal to hire Schnabel for the group leader position provides the basis for liability because it was the "first available position suitable for the worker." *Id.* Furthermore, Nordic Toyota's liability for its failure to comply with § 643b(b) is not averted by its subsequent offer of the service writer position. The record supports the court's finding that the service writer position involved work on Ford vehicles, that Schnabel was a master technician for Toyota vehicles and had no training or experience with Ford products, and, the Ford service writer position would pay substantially less than the group leader position. We agree with the court's determination that the service writer position was not an "alternative suitable position."

## II. Liability for Handicap Discrimination

In his cross-appeal, Schnabel claims the court erred by failing to issue findings and conclusions on his claim of handicap discrimination under 21 V.S.A. § 495(a). See V.R.C.P. 52(a) (In "all actions tried upon the facts without a jury . . . the court shall, upon request . . . find the facts specially and state separately its conclusions of law thereon"); *Jacobs*, 144 Vt. at 127, 473 A.2d at 1167-68 (trial court must state facts essential to the disposition of the issues properly before the court). As Schnabel concedes in his brief, the damages he sought under the handicap discrimination statute and the employment reinstatement statute were the same and thus, "the Superior Court did not necessarily need to reach both issues to make Mr. Schnabel whole." Even if the court committed error by not issuing findings and conclusions, the error was harmless in light of Schnabel's recovery of damages from Nordic Toyota for its failure to reinstate him according to the terms of § 643b. See *Crampton v. Lamonda*, 95 Vt. 160, 164, 114 A. 42, 43-44 (1921) (failure of court to issue findings immaterial to result does not prejudice requesting party and is therefore harmless).[1]

---

[1] Although the trial court's failure to make findings on the handicap discrimination claim may have affected the amount of attorney's fees awarded, Schnabel does not assign the fee award as error, and therefore this issue is beyond our consideration.

## III. Damages

### A. Mitigation of Damages

Nordic Toyota claims that Schnabel should have mitigated damages by accepting the Nordic Ford service writer position offered in January of 1994. Nordic Toyota claims Schnabel's damages should be reduced by $30,000, the additional amount he would have earned had he accepted the job at Nordic Ford in January of 1994.

There exists a general duty to mitigate damages. See *Cartin v. Continental Homes of N.H.*, 134 Vt. 362, 367, 360 A.2d 96, 100 (1976). In the context of an employment dispute, an employee must make a good faith effort to find suitable alternative employment. The record supports the court's conclusion that Schnabel's rejection of the Ford service writer position did not constitute a failure to mitigate damages. Schnabel was a master technician for Toyota vehicles, he had no training or experience with Ford products, and, the Ford service writer position would pay substantially less than the group leader position. Furthermore, both Schnabel and his vocational rehabilitation specialist described Schnabel's significant efforts to gain employment commensurate with his experience and expertise during the time from January 1994 until March 1995, when Schnabel took a service writer position at Nordic Toyota. There was no error.

### B. Emotional and Punitive Damages.

After Schnabel completed presentation of his evidence, Nordic Toyota moved for judgment as a matter of law.[2] See V.R.C.P. 41(b)(2) (after plaintiff has completed presentation of evidence, defendant may move for dismissal on grounds that upon facts and law plaintiff has not shown right to relief). Schnabel claims the court erred in granting the motion on the issues of intentional infliction of emotional distress and punitive damages.

When reviewing a court's grant of a Rule 41(b)(2) motion, we must consider "whether the court's fact findings are clearly erroneous,

---

[2] In both Schnabel's reply brief and Nordic Toyota's response, the parties refer to the motion made by Nordic Toyota at the conclusion of Schnabel's case as a Rule 50 motion; likewise, both parties apply the standard of review applicable to the grant of a Rule 50 motion. Rule 50, however, applies in jury cases only. See V.R.C.P. 50; see also 9A C. Wright & A. Miller, Federal Practice and Procedure § 2523, at 246-47 (1995) ("The motions described in Rule 50 are available only in cases tried to a jury that has the power to return a binding verdict. Thus, it does not apply to cases tried without a jury or to those tried to the court with an advisory jury."). The rule applicable in a nonjury trial is V.R.C.P. 41(b)(2). See *id.*

viewing the evidence in the light most favorable to the prevailing party." *New England Educ. Training Serv. v. Silver St. Partnership*, 156 Vt. 604, 611, 595 A.2d 1341, 1344-45 (1991) (citing *Stevens v. Cohen*, 138 Vt. 7, 8-9, 409 A.2d 604, 605 (1979)).

■ Schnabel's assertion that the court erred in granting Nordic Toyota's motion for entry of judgment on the issue of intentional infliction of emotional distress appears in both of his briefs "unaccompanied by facts, law, or reasoning, and therefore need not detain us." *KPC Corp. v. Book Press, Inc.*, 161 Vt. 145, 152, 636 A.2d 325, 329 (1993). The Court will not search the record for errors inadequately briefed. See *Bishop v. Town of Barre*, 140 Vt. 564, 579, 442 A.2d 50, 57 (1982) (citations omitted).

■ As to Schnabel's claim regarding punitive damages, we begin by noting that the purpose of punitive damages is to punish morally culpable conduct and to deter similar conduct in the future. See *Hilder v. St. Peter*, 144 Vt. 150, 164, 478 A.2d 202, 210-11 (1984). Punitive damages may be awarded upon a showing of actual malice. See *Shortle v. Central Vermont Pub. Serv. Corp.*, 137 Vt. 32, 33, 399 A.2d 517, 518 (1979). "This may be shown by conduct manifesting personal ill will or carried out under circumstances evidencing insult or oppression, or even by conduct showing a reckless or wanton disregard of one's rights." *Id.* The court's factual findings contain no reference to conduct on the part of Nordic Toyota that rises to the level of actual malice or reckless disregard of the plaintiff's rights. Viewed in the light most favorable to Nordic Toyota, the evidence presented at trial does not support Schnabel's argument that the court's dismissal of his punitive damages claim was clearly erroneous.

## C. Future Damages.

Schnabel claims the court erred in failing to award future damages. At trial, the court calculated Schnabel's damages in the form of lost wages from the years 1994, 1995, and 1996 at $83,174.00. It found, however, that due to his work as a mechanic for Nissan/Acura since 1995, Schnabel had "reinstalled himself on his previous career track." The court found that damages for future lost earnings due to Nordic's failure to hire Schnabel as a group leader in 1994 were "too speculative to calculate by a preponderance of the evidence." Schnabel claims error in the court's resolution of the future damages issue for two principal reasons. First, he argues that the record does not support the court's conclusion that he had reinstated himself on

his previous career track. Second, he notes that experts for both Nordic Toyota and Schnabel testified that he would suffer some amount of damages through the year 2000 and, thus, it was error to find that future damages were "too speculative" to award.

In *Haynes v. Golub Corp.*, 166 Vt. 228, 238, 692 A.2d 377, 383 (1997), we stated that when front pay is allowed, the damages must be "limited to a reasonable period of time" and must not be "speculative." In *Haynes*, the trial court awarded future damages for a period of time beyond the normal retirement age even though there was no evidence that the plaintiff would continue working beyond that age. We found the award "too speculative" and remanded for calculation of damages based on the range of evidence presented. See *id.*

In the instant case, Schnabel's expert concluded that Schnabel will suffer economic loss far into the future, and that Schnabel would never reach parity between earnings at Nordic Toyota had he been reinstated, and an alternative employment within his working life. We agree with the trial court's finding that such evidence was too speculative to enable the court to calculate damages for future lost earnings. See *Bartley-Cruz v. McLeod*, 144 Vt. 263, 264, 476 A.2d 534, 535 (1984) (Supreme Court will not interfere if reasonable evidentiary basis supports court's findings). Moreover, Schnabel does not advance his argument by asserting that defendant's expert also estimated future damages, since defendant's expert calculated Schnabel's total damages, including future damages, at $51,085.00, far less than the $83,174.00 which the trial court awarded for Schnabel's lost past wages. There was a reasonable evidentiary basis for the court's conclusion that $83,174.00 would fully compensate Schnabel for his damages.

*Affirmed.*