2009 VT 84

**Judith MEYNCKE v. Robert MEYNCKE**

[980 A.2d 799]

No. 08-482

¶ 1. August 3, 2009. Robert Meyncke appeals from the family court's denial of his motion to modify maintenance and from the trial court's wage-withholding order. We affirm.

¶ 2. The background facts and procedural history of this case are as follows. Robert and Judith Meyncke had been married for twenty-four years when, in October 2007, they were divorced. In the final divorce decree, the family court ordered husband to pay $6,390 per month in maintenance to wife for thirteen years. The court later adjusted the period to fifteen years on wife's motion. At the time of the final divorce decree, husband was earning about $400,000 per year.

¶ 3. In late 2007, husband lost his job, and was not reemployed until April 2008. In May 2008, husband moved to modify spousal maintenance, arguing that the award should be adjusted downward because he expected to earn only about $300,000 per year at his new job. In June 2008, while his motion was still pending, husband unilaterally reduced his maintenance payments to $2,600 per month. Wife subsequently filed a petition for wage withholding. In October 2008, the trial court denied husband's motion to modify, held husband in contempt for failure to pay full maintenance to wife, and ordered that if husband did not become current on his maintenance obligation within thirty days it would garnish husband's wages. The court also awarded wife $6,510 in attorney's fees. Husband filed a timely appeal.

¶ 4. When husband failed to purge himself of contempt within thirty days, the court issued a wage-withholding order requiring husband's employer to withhold the amount of $6,390 per month from husband's wages and pay all amounts withheld to wife. We subsequently granted husband's motion to amend his appeal to include a challenge to the wage-withholding order.

¶ 5. Husband raises one argument with respect to the wage-withholding order, and several arguments with respect to the family court's decision on his motion to modify. We address each of husband's contentions, in turn.

¶ 6. Husband argues that the wage-withholding order violates 15 U.S.C. § 1673(b)(2) because it requires his employer to withhold more than 55% of his bi-weekly pay. This argument presents a pure issue of law which we review de novo. See *Smith v. Desautels*, 2008 VT 17, ¶ 8, 183 Vt. 255, 953 A.2d 620 (reviewing issues of law de novo).

¶ 7. Section 1673 restricts the garnishment of wages to certain maximum amounts, depending on circumstance. In relevant part, § 1673(b) provides as follows:

(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed —

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week . . .

(B) . . .

except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause

(A) shall be deemed to be 55 per centum . . . if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

15 U.S.C. § 1673(b)(2).

¶ 8. The parties agree, and the trial court ruled,[1] that the cap applicable to husband's situation is 55%. The court found that, considering his current compensation and expenses, husband's yearly "disposable earnings" amounted to $141,989.88. It therefore reasoned that garnishment of $6,390 per month, amounting to $76,680 per year, was within the 55% allowable under § 1673(b)(2) — $76,680 being approximately 54% of $141,989.88. Husband does not quarrel with the trial court's findings or its math. Rather, husband argues that it was inappropriate for the trial court to order his employer to withhold $6,930 from his pay on a *monthly* basis because — as he receives approximately two-thirds of his compensation in a year-end bonus[2] —

$6,930 is more than 55% of his *monthly* earnings. Husband points out that the limits in § 1673(b)(2) are set out by "workweek," and complains that the wage-withholding order, as written, mandates the garnishment of more than 55% of his bi-weekly paycheck.

¶ 9. Whatever the merits of husband's argument, we need not address them here because husband concedes that no more than 55% of his disposable earnings are *actually* being withheld from each of his paychecks. Instead, husband argues that while he "may be getting [a] reprieve from the illegal order because his employer has refused to violate federal law, [the] specter of an enforcement action or a contempt proceeding certainly places a risk of the order being enforced and [husband] having his wages illegally attached." In light of his employer's compliance, and wife's concession, made in her brief, that only 55% of each of husband's paychecks may be garnished under § 1673(b)(2),[3] we fail to appreciate the risk of an enforcement action or contempt

---

[1] In support of that ruling, the trial court found that "[t]he order that is being enforced . . . was issued . . . more than 12 weeks ago."

[2] While this appeal was pending, husband filed a second motion to modify spousal maintenance, arguing that maintenance should be adjusted downward because he no longer expected to receive the majority of his unguaranteed, year-end bonus. Husband's references, in his brief, to his revised expectations, inter alia, are the subjects of a motion to strike filed by wife which we consolidated with the merits of the case. Because we dispose of the case without reference to the challenged portions of husband's brief, we need not reach her motion to strike, and therefore dismiss it as moot. *Chase v. Bowen*, 2008

VT 12, ¶ 13 n.2, 183 Vt. 187, 945 A.2d 901 (dismissing motions to strike as moot when the Court did not need to consider any of the challenged materials or references to reach its decision). The issues of what bonus husband will receive and whether that should effect maintenance are for the trial court to determine in the first instance on husband's second motion to modify, and are not before us at this time.

[3] In her brief, wife argues that the wage-withholding order complied with § 1673(b)(2) thus: "Under the withholding order issued, the trustee withholds 55% of [husband's] aggregate disposable earnings each pay period in compliance with [§ 1673(b)(2)]. At the time [husband] receives his bonus, the shortfall throughout the year is made up by calculating the arrearages . . . and paying [wife] at that time."

proceeding. At any rate, husband remains free to raise § 1673(b)(2) as a defense to any such action or in any such proceeding. In short, husband has failed to show how he was prejudiced by the wage-withholding order, and we therefore have no basis upon which to disturb it. See V.R.C.P. 61 ("no error or defect in any ruling or order . . . is ground for . . . disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."); see also *Perry v. Green Mountain Mall*, 2004 VT 69, ¶¶ 11-14, 177 Vt. 109, 857 A.2d 793 (applying Rule 61 to an error of law).

¶ 10. Regarding the court's decision on the motion to modify, husband first argues that the family court failed to consider the income, current living situation, or needs of the parties. Specifically, he argues that the court erroneously excluded as irrelevant wife's testimony as to her reasonable needs, and failed to consider husband's ability to pay maintenance based on his current income. Finally, husband challenges the family court's award of attorney's fees to wife.

¶ 11. We review husband's contentions under an abuse-of-discretion standard. See *Luce v. Cushing*, 2004 VT 117, ¶ 15, 177 Vt. 600, 868 A.2d 672 (mem.) (family court's exclusion of evidence must constitute a "clear and prejudicial abuse of discretion" to mandate reversal); *Clapp v. Clapp*, 163 Vt. 15, 20, 653 A.2d 72, 75 (1994) ("the family court has broad discretion in determining the amount of maintenance, and we will reverse only if there is no reasonable basis to support the award"); *Davis v. Davis*, 121 Vt. 242, 244, 154 A.2d 463, 464-65 (1959) (stating that court has same "wide discretion" with respect to modification petitions as it has in original actions concerning maintenance); *Willey v. Willey*, 2006 VT 106, ¶ 26, 180 Vt. 421, 912 A.2d 441 ("We will affirm [the family court's] award of attorney's fees unless it is an abuse of discretion.").

¶ 12. Husband's first argument — that the trial court erroneously excluded as irrelevant wife's testimony as to her reasonable needs — is unavailing. In the original divorce decree, the family court made it clear that the maintenance award was in recognition of wife's contribution to the marriage as caregiver to the parties' child as well as the length of the marriage, "permanent in nature," and "intended to provide support for [wife] at a level which is consistent with the parties' standard of living." During wife's cross-examination at the hearing on husband's motion to modify, husband's attorney questioned wife as to the details of her expenditures. As husband's attorney progressed with his line of questioning, the following colloquy took place:

> COURT: . . . You certainly don't suggest that something has happened that would support a reduction in maintenance because of changes in her life? Like a $150,000 job at U.S. Air or something?
>
> HUSBAND'S ATTORNEY: No. No. . . . I want to make sure the Court understands she is not sitting there in desperation. She doesn't have anything that she can't rely upon. Plus, she has the ability to earn some money and has over a little bit of the time.
>
> COURT: That was factored into the original award.
>
> HUSBAND'S ATTORNEY: Exactly. And that's all I was trying to get at, your Honor.
>
> . . . .
>
> WIFE'S ATTORNEY: I object, your Honor, because I don't see any relevance in this. . . .

COURT: I think that's what I was trying to say. So let's move on.

. . . .

HUSBAND'S ATTORNEY: . . . [W]e feel that we can show that she's living beyond, you know, getting more money than she needs from him. . . . $2,000 she could live off of, and comfortably off of $2,000 a month from [husband], and that's what we would present.

COURT: Well, many people do, but surely not at the predivorce standard of living.

¶ 13. We have held that changes in the financial circumstances of either or both spouses are relevant to the modification of a maintenance award. *Bullard v. Bullard,* 144 Vt. 627, 629, 481 A.2d 1049, 1051 (1984). As reflected in the trial court's questioning, above, we have recently reaffirmed that substantial, unanticipated changes in the nonmaintenance income available to recipient spouses can warrant a modification of a maintenance award. *Miller v. Miller,* 2005 VT 122, ¶ 16, 179 Vt. 147, 892 A.2d 175. However, as also explained above, the maintenance award at issue in this case is compensatory in nature. While we have applied the general rule to awards of compensatory maintenance, we have also cautioned that there is a limit to the extent that changes in financial circumstance can support downward modification of a compensatory maintenance award. See *Stickney v. Stickney,* 170 Vt. 547, 548-49, 742 A.2d 1228, 1231-32 (1999) (mem.) (reasoning that negative change in donor spouse's financial circumstances, and increase in donee spouse's income supported modification, but that it was error to modify a compensatory maintenance award to $0 on that basis). In addition, we have made

it clear that there is a limit to the extent that a reduction in the recipient spouse's expenses can justify downward modification. See *Miller,* 2005 VT 122, ¶ 20 ("Maintenance recipients should normally retain the benefit of actions they take to live more economically.").

¶ 14. We need not decide, however, the extent to which any improvements in wife's financial circumstances would have justified reduction in her maintenance award. As evidenced by the above colloquy, husband merely sought to show that wife could live "comfortably" on a reduced maintenance award. As the court correctly ruled, testimony to this effect was irrelevant; the court did not abuse its discretion in excluding it. See *Luce,* 2004 VT 117, ¶ 15 (family court's evidentiary rulings are reviewed for abuse of discretion).[4]

¶ 15. Husband's second argument — that the trial court failed to consider his ability to pay maintenance based on his current income — is also unpersuasive. First, husband's argument rests on a faulty premise, which we take this opportunity to correct. Husband contends that the family court was obligated to consider both husband's ability to meet his needs while meeting wife's needs and — in a partial rehash of his first argument, wife's ability to meet her needs independently

---

[4] Husband also argues that it was an abuse of discretion for the family court to exclude wife's testimony as to her current financial needs because she did not testify to her needs at the evidentiary hearing for the final divorce. A motion to modify maintenance does not create a forum in which to revisit the merits of a final divorce decree per se; rather, it provides the family court with jurisdiction to modify a decree based on changed circumstances. *Cliche v. Cliche,* 140 Vt. 540, 542, 442 A.2d 60, 61 (1982). Moreover, husband's argument has no bearing on the controlling issue of relevance.

— by virtue of 15 V.S.A. § 752(b)(1) and (6). We have made clear that "[w]hile the factors listed in § 752 could prove helpful to a court considering a motion to modify," a court is not obligated to consider the factors when evaluating changed circumstances. *DeKoeyer v. De-Koeyer*, 146 Vt. 493, 496, 507 A.2d 962, 964 (1986). Second, and most importantly, husband is simply wrong in his contention that the family court failed to consider his ability to pay. The court reasoned that husband remained able to meet his maintenance obligation in part because, even at his new salary, it constituted "no more than one-third of [husband's] gross income." The court also noted that husband had recently received over $400,000 in cash through a severance package from his former employer and the equity from the sale of the marital residence, and that husband had simply chosen to spend the money elsewhere rather than to meet his maintenance obligation. Husband's suggestion that the family court erred by considering this large influx of cash and by "fault[ing]" him for spending it elsewhere is unsupported by law.[5] In short,

---

[5] *Cabot v. Cabot*, 166 Vt. 485, 697 A.2d 644 (1997), does not support husband's position. In the portion of *Cabot* upon which husband relies, we reaffirmed a family court's discretion to award property in lieu of maintenance in a divorce decree, affirming the court's denial of the wife's request for maintenance in addition to her property award. *Id.* at 500-02, 697 A.2d at 654-55. We agreed with the family court that because the parties in *Cabot* were living beyond their means, it would have been unreasonable to both divide the marital estate and order the husband to pay maintenance in an amount designed to allow the wife to continue to live beyond the parties' means. *Id.* *Cabot* does not somehow stand for the proposition, as husband would have it, that it is inappropriate for the family court to consider the

husband's arguments amount to nothing more than a disagreement with the court's reasoning and conclusion as to his ability to pay, and, as such, do not make out a case for an abuse of discretion. See *Davis*, 121 Vt. at 244, 154 A.2d at 466 (stating that court has wide discretion with respect to modification petitions).

¶ 16. Finally, husband argues that if we reverse and remand the court's decision as to his motion to modify we should vacate the award of attorney's fees. Because we affirm, we need not reach this argument.

*Affirmed.*

---

effect of the liquidation of marital assets on a party's ability to meet a maintenance obligation in the context of a motion to modify.