*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-202

MARCH TERM, 2014

| | | |
|---|---|---|
| Judith Meyncke | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Robert Meyncke | } | DOCKET NO. F132-2-07 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Wife appeals from a judgment of the superior court, family division, affirming a magistrate's child-support order. She contends the court erred in: (1) affirming the magistrate's refusal to offset her child-support arrears against husband's maintenance arrears; (2) affirming the denial of a stay of the child-support provision; and (3) awarding attorney's fees to husband. Wife also contends that she was entitled to an attorney's fee award. We affirm.

This is the third appeal to reach the Court in this ongoing dispute between former spouses. In Meyncke v. Meyncke, 2009 VT 84, 186 Vt. 571 (mem.), we affirmed the trial court's denial of husband's motion to modify spousal maintenance and its imposition of a wage-withholding order. More recently, in Meyncke v. Meyncke, 2013 VT 82, ___ Vt. ___ (Meyncke II), we addressed cross-appeals by the parties dealing with a range of post-judgment motions and issues. As pertinent to this third appeal, we held in Meyncke II that a July 2012 settlement between the parties did not release husband from maintenance arrears accruing after August 2010, but ordered that the case be remanded to address husband's claim that the court's determination of the amount owed was based on a miscalculation, and to address wife's claims that the court erroneously credited husband for certain payments. Id. ¶¶ 35, 39-42. Wife also claimed that the court erred in failing to offset her child support arrears against husband's maintenance arrears. Noting that husband did not oppose the request, and that the parties' child had reached the age of majority, we concluded that there was "no reason for the superior court on remand not to make an equitable offset once it determines how much, if any, maintenance arrears are owed by husband," and so ordered. Id. ¶¶ 46-47.

While the appeal in Meyncke II was pending, the family court magistrate issued a child-support order, dated January 30, 2013, determining that the total child support owed by wife was $30,063.36. The magistrate denied wife's request to "merge" the child support order with the maintenance order, or to stay its order pending our decision in Meyncke II, but noted that it was "only establish[ing] a judgment for child support arrearage," leaving it to the parties to arrange

any payment schedule in light of husband's continuing maintenance arrearages. The magistrate also awarded husband $1085 in attorney's fees.

Wife appealed the magistrate's order to the superior court, which affirmed in a written ruling issued in May 2013, again while Meyncke II was pending in this Court. As to the offset issue, the court noted that husband had agreed that wife's arrears could be offset against any maintenance arrears, but concluded that the magistrate had properly declined to order such an offset because it was not expressly empowered to do so under 4 V.S.A. § 461(a). The court also concluded that the magistrate did not err in declining to stay the order pending the parties' appeal and did not abuse its discretion in awarding attorney's fees. This appeal followed.

Wife renews her claim on appeal that the court erred in affirming the magistrate's refusal to order an offset of wife's child support arrears against husband's maintenance arrears. The issue, as the parties essentially acknowledge, was resolved in Meyncke II which, given the unique circumstances of this case, authorized the trial court on remand to offset wife's child support arrearage against the spousal maintenance arrearage, if any, when the latter amount was finally resolved. Similarly unavailing is wife's claim that the court erred in affirming the denial of a stay of the child support order. As noted, the magistrate did not order any child support payments, it simply calculated the arrearages and essentially directed the parties to arrange for payment when the amount of the maintenance arrears was finally determined. The only consequence of the child support order prior to the time any offset might occur is the interest due from wife on the arrearage. Nothing about our order allowing the parties to offset the respective arrearages purported to insulate them from the interest that might accrue on either obligation (child support or spousal maintenance) pending final resolution. Wife may pay part or all of the child support arrears to minimize or avoid the accrual of interest pursuant to the magistrate's judgment, or may opt to withhold payment pending final resolution of the claim concerning husband's spousal maintenance arrears.

Wife further contends that the court erred in awarding husband attorney's fees. Husband had sought attorney's fees of $3727.50, asserting that wife's sole excuse for failure to pay child support was an unpersuasive claim that she did not know husband's address. The magistrate found that wife had engaged in a repeated pattern of nonpayment without excuse, forcing husband to accrue attorney's fees to collect the child support owed him, and thus awarded fees incurred since the parties' settlement of prior arrearages on July 23, 2012, for a total award of attorney's fees of $1085 "directly related to his attempt to collect on" wife's arrearage. The trial court affirmed. Wife's summary argument on appeal is that husband was entitled, at most, to the attorney's fees incurred in drafting the initial petition for enforcement of child support, and that "[t]he amount of $1,085 clearly exceeds that amount." Wife cites nothing in the record to persuasively support the claim, or to demonstrate how, or to what extent, the award was excessive. Accordingly, we find no basis to disturb the award.

Finally, wife contends that she was entitled to an award of attorney's fees incurred in defending the child support enforcement action and bringing the instant appeal. Wife did not request fees below, however, and the claim was therefore waived. Pion v. Bean, 2003 VT 79, ¶ 45, 176 Vt. 1 (stating that contentions not raised with trial court are not preserved for review).

Any request for fees incurred on appeal must be raised in the trial court in the first instance. V.R.A.P. 39(f).

     <u>The judgment is affirmed, and the matter is remanded to the superior court, family division, to determine the final child support and spousal maintenance arrearages.</u>

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

3