*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-456

MARCH TERM, 2016

| | |
|---|---|
| In re T.B., Juvenile | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 85-5-13 Frjv |

Trial Judge: Howard E. Van Benthuysen

In the above-entitled cause, the Clerk will enter:

Mother appeals from the trial court's denial of her request, mid-trial, to allow five newly disclosed witnesses to testify.  We affirm.

Mother is the biological parent of T.B., born in August 2009.  T.B. was taken into the custody of the Department for Families and Children (DCF) in May 2013.  Mother stipulated, and the court found, that T.B. was a child in need of care or supervision.  In January 2015, DCF filed a petition to terminate mother's parental rights.

After the TPR petition was filed, the court approved the parties' stipulated discovery schedule, which required the parties to disclose their witness lists to one another by March 12, 2015.  On June 23, 2015, the court began the TPR merits hearing.  The hearing was scheduled for completion in late August 2015, primarily to allow mother to call two witnesses that she disclosed for the first time at the close of the June 23, 2015 hearing.  On the day before the August hearing, mother's attorney requested an extension of time to investigate forty new witnesses that mother had just disclosed.  At a hearing on the motion, mother conceded that these witnesses were all known to her in advance of the merits hearing.  The court ordered mother to file a memorandum by October 9 showing "how each proposed witness is newly discovered and could not have been discovered and disclosed to the other Parties in advance of the commencement of the evidentiary hearings on the TPR request."

On October 13, mother filed a notice of witnesses.  She listed five new proposed witnesses but did not explain how any of them were newly discovered, or why they could not have been discovered and disclosed in a timely fashion.  Instead, mother's counsel stated that mother "failed to appreciate the consequences of not providing witness names . . . in a timely fashion."  Mother stated that these witnesses knew her and had observed her with children and could testify as to what they had observed regarding her parenting skills, her attitudes toward children, and her ability to properly mother children.  Mother asserted that despite the belated disclosure, this was not a typical civil case where "[t]he only concern . . . is to assure the orderly flow of the litigation and that the parties are not prejudiced by surprise and delay."  She indicated that her belated request should be granted because the court was determining T.B.'s interests, and could not make a fully informed decision without hearing all relevant evidence.

In an October 2015 order, the court found that mother had failed to comply with its earlier order and it denied mother's motion to add five new witnesses. The court explained that its earlier ruling had been based on a concern for fairness both to mother, whose parental rights were at stake, and to the State and other litigants to prevent them from being ambushed by witnesses disclosed not just on the eve of trial, but in the middle of trial. It was these concerns, and not the orderly flow of its own docket, that had caused the court to overrule the State's strenuous objection to these late-disclosed witnesses, and to allow mother additional time to investigate and explain why these witnesses should be allowed to testify. Given this, the court found it all the more concerning that mother simply offered the witnesses instead of explaining why they were truly newly discovered. The court found that six months had elapsed between the filing of the TPR and the commencement of the merits proceeding, and all of the proposed new witnesses were friends and acquaintances of mother, well-known to her at all stages of these proceedings. Citing Follo v. Florindo, the court found that it had discretion to exclude evidence offered in violation of a discovery order or schedule. 2009 VT 11, ¶¶ 19-21, 185 Vt. 390. It exercised that discretion here, finding that mother failed to comply with its August 2015 order and that her motion, out of fairness, must be denied.

The court subsequently held the second day of the TPR hearing, and issued an order terminating mother's rights. Mother does not challenge any of the court's findings or conclusions in the TPR decision. This appeal followed.

Mother argues that the court abused its discretion in excluding the five witnesses that she identified in October 2015. She contends that Follo is distinguishable because it involved a civil dispute over money, as opposed to a TPR case. Mother asserts that given the compelling interests at stake, and the need for adequate evidence, the court should have granted her request.

As mother recognizes, "[t]he trial court's rulings on the admission or exclusion of evidence are discretionary," and this Court "will not disturb a discretionary ruling unless it is shown that such discretion was abused or entirely withheld, and the abuse of discretion resulted in prejudice to a party's substantial rights." Follo, 2009 VT 11, ¶ 19 (citations and alterations omitted). The trial court acted well within its discretion here.

Consistent with the rules, the court set a discovery schedule. See V.R.F.P. 2(d)(2) (providing that "the judge shall issue a discovery order," and the "order shall set forth dates by which each party shall," among other things, "disclose to any other party the names and addresses of all witnesses whom the party intends to call as witnesses at any hearing"); see also V.R.F.P. 3(a); V.R.F.P. 2(a)(3). More than five months after the discovery deadline, and in the middle of the TPR merits proceedings, mother identified forty new witnesses, and two months after that, she identified five witnesses whom she wanted to testify. The court reasonably rejected her request. It identified and balanced the fairness concerns at issue and provided a reasoned explanation for its decision. The fact that mother disagrees with the court's conclusion does not show an abuse of discretion. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (explaining that arguments which amount to nothing more than disagreement with court's reasoning and conclusion do not make out case for abuse of discretion).

Our decision in Follo did not turn on the fact that it involved a civil money dispute. Instead, we recognized that where there is a lengthy delay in disclosing witnesses, and no "reasons or excuse" for the failure to comply with a discovery schedule, the trial court acts within its discretion in excluding such witnesses. Follo, 2009 VT 11, ¶ 21. We reach the same conclusion here. We note that while mother argues about the nature of TPR proceedings

2

generally, she identifies no specific prejudice resulting from the court's ruling. The evidence here was overwhelming and unchallenged that mother had stagnated in her ability to parent and that termination of her rights was in T.B.'s best interests.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice