VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    23-AP-246



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2024

Jennifer Knapp (Dasler) v. Timothy Dasler*    }    APPEALED FROM:
                                              }    Superior Court, Windsor Unit,
                                              }    Family Division
                                              }    CASE NO. 74-6-17 Oedm
                                                   Trial Judge: Heather J. Gray

In the above-entitled cause, the Clerk will enter:

Father appeals pro se from the trial court's denial of two motions in this post-divorce proceeding.  We affirm.

This is at least the sixth appeal filed by father in this case.  We have detailed the history of these proceedings in other appeals and do not repeat it here.  See, e.g., Knapp v. Dasler, No. 23-AP-131, 2023 WL 7490136, \*1 (Vt. Nov. 13, 2023) (unpub. mem.) [https://perma.cc/NY7Q-K74Y]; Knapp v. Dasler, No. 22-AP-331, 2023 WL 6786081, \*1-2 (Vt. Oct. 13, 2023) (unpub. mem.) [https://perma.cc/EH59-3YM4].

As relevant here, father filed two emergency requests in 2022, seeking relief related to summer-vacation visitation planning.  In a late July 2022 order, the court denied both motions.  Father's first emergency request sought to compel mother's disclosure of summer-camp plans.  The court found that father failed to allege immediate harm or danger to the minor child which would warrant an emergency order and it referred the parties to parent coordination.  Father alleged in his second motion that mother dropped off the parties' child late and that she had told him she would be taking an out-of-state vacation shortly.  The court denied the emergency motion based on a lack of immediate harm or danger to the child.  We held in a different appeal that father's failure to timely appeal barred consideration of whether "the court erred in failing to hold hearings on his July 2022 motion[] to enforce," as well as other various motions and arguments.  Knapp, 2023 WL 6786081, \*4.

In April 2023, father again asked the court to reconsider these July 2022 rulings.  Father argued that the court failed to hold a hearing on his emergency requests and he complained that mother again was not disclosing information he sought about summer childcare.

The court denied father's request in a May 2023 decision.  It found that father failed to explain how the errors that he alleged in his motion—failure to hold a hearing on his emergency motions—would entitle him to the relief he sought, which included access to childcare and

medical records, and relief for future events that had not yet occurred. He provided no legal support for his position. The court further found no error in the decision to deny father's emergency motions without holding a hearing. In denying his request, the court had presumed father's factual allegations to be true and, in both instances, it had found no immediate danger or threat of injury to the minor child. To the extent that father might be entitled to a hearing at the present time, the court continued, any such hearing would be moot because father's allegations related to vacation plans from the summer of 2022.

The court also rejected father's assertion that a hearing was required under 15 V.S.A. § 668a(c), finding that father's claims did not rise to the level of mother withholding visitation from him. See id. (requiring hearing on motion to enforce visitation where "custodial parent refuses to honor a noncustodial parent's visitation rights"). The closest father came to making a potential claim under § 668a(c), the court explained, was his perception that an exchange on July 4, which occurred at 9 a.m., was one hour late. The final order contained a specific provision defining parenting time during the Fourth of July holiday as running from 9 a.m. to 5 p.m., however, and this more specific parenting schedule controlled over the routine parenting schedule.[*] The court further rejected father's attempt to relitigate issues that had been addressed numerous times.

Father then filed another motion to reconsider, which the court denied in July 2023. It explained that father was asking the court to reconsider decisions that had already been subject to a reconsideration motion. It added that father also failed to advance any new theories, legal authorities, or facts that the court had not previously considered. This appeal followed.

The only two orders before this Court in this appeal are the trial court's May 10, 2023 denial of father's April 5, 2023 motion to enforce, which was essentially a motion to reconsider; and the second motion to reconsider that father on filed May 24, 2023, which the court denied on July 21, 2023. As these are the only decisions properly before us, we do not address any arguments related to prior decisions referenced by father in his brief, such as his attempts to relitigate decisions from 2022.

As relevant to these orders, father appears to reiterate his request for a hearing on emergency motions from 2022. He seeks a remand to a different judge, alleging bias. He raises numerous other arguments, the majority of which appear to relate to orders not properly before us.

We have considered all arguments discernible in father's brief that appear to relate to the specific orders at issue. Assuming arguendo that father's motions were timely filed, father fails to show any abuse of discretion. See Chelsea Ltd. P'ship v. Town of Chelsea, 142 Vt. 538, 540 (1983) (recognizing that motion to reconsider "is addressed to the sound discretion of the trial court, and that the court's ruling is not reversible unless it constitutes a manifest abuse of discretion"). The court provided reasonable grounds for its decision to deny father's requests. While father disagrees with the court's decision, he has not demonstrated any abuse of discretion. See Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (mem.) (explaining that arguments which amount to nothing more than disagreement with court's reasoning and

---

[*] We note that in Knapp, 2023 WL 7490136, *1, we upheld the trial court's ruling regarding scheduling, including that "the parent-child contact order had a specific provision relating to July 4 and . . . that it was to be followed instead of the routine schedule."

conclusions do not make out case for abuse of discretion). As this case will not be remanded, we need not address father's argument that it should be remanded to a new judge. In any event, father fails to show that the court was biased against him. See In re Wildlife Wonderland, Inc., 133 Vt. 507, 513 (1975) (noting presumption that "all evidence bearing upon issues considered by the trier was heard with impartial patience and adequate reflection," and stating that "[a] decision contrary to the desires of a party does not denote bias"); see also Gallipo v. City of Rutland, 163 Vt. 83, 96 (1994) (explaining that adverse or erroneous rulings by themselves do not demonstrate bias).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

3