**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-221



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2025

| | |
|---|---|
| Jennifer Parmelee\* v. Sandra Vega Russo | APPEALED FROM: |
| | Superior Court, Addison Unit, |
| | Civil Division |
| | CASE NO. 24-ST-00647 |
| | Trial Judge: David R. Fenster |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the trial court's denial of her request for an order against stalking.  We affirm.

Plaintiff filed a stalking complaint against defendant.  Defendant is the new romantic and business partner of plaintiff's ex-boyfriend, Mr. Varkoutas.  Plaintiff and Mr. Varkoutas have a child together.  In her complaint, plaintiff stated that she did not know defendant but expressed concern about defendant's access to her personal information and to her child.  She asked the court to order defendant to stay away from her and her child.  See 12 V.S.A. § 5133 (setting forth requirements to obtain order against stalking or sexual assault).  Plaintiff also separately requested relief-from-abuse (RFA) orders against defendant and Mr. Varkoutas.  These three cases were heard together.

Prior to the final hearing, plaintiff moved to disqualify counsel for Mr. Varkoutas and defendant based on an alleged conflict of interest.[*]  Before this motion was heard, an assistant judge disclosed on the record that her son worked for defense counsel's firm.  The parties considered this information outside the presence of the trial court and, when court resumed, neither party objected to having the assistant judge continue on the case.

The court considered plaintiff's motion to disqualify defense counsel at the hearing and denied it.  The court looked to the professional conduct rules for guidance and found that plaintiff failed to identify any grounds for disqualification.  It explained that plaintiff referenced interactions with counsel's firm that occurred several years earlier and involved matters that were not substantially related to this case.  Cf. V.R.Pr.C. 1.9(a) (stating that "lawyer who has

---

[*] Counsel represented defendant and Mr. Varkoutas in the RFA matters heard at the same time as this complaint.  It is not clear if counsel also represented defendant in this stalking action, but plaintiff's disqualification motion is included in the record on appeal for this case and we therefore address it here.

formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent"). Even if plaintiff knew other lawyers in the firm, moreover, she did not show any lawyer-client relationship with these individuals that would implicate the professional conduct rules.

On the merits, the court concluded that plaintiff failed to prove that defendant stalked her and it therefore granted judgment to defendant. This appeal followed.

Plaintiff filed the same brief for all three of her stalking and RFA cases. She recounts her version of events. She references matters that are not before us in this appeal, such as child support and visitation. Plaintiff reiterates her assertion that defendant's counsel had a conflict of interest because plaintiff had an "extended history" with counsel's firm. We reject this argument. "Disqualification of counsel is a drastic measure, and the moving party bears the burden of supporting a motion to disqualify." In re Watts, 2024 VT 48, ¶ 26 (quotation omitted). "A motion to disqualify counsel is a matter that rests within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of discretion." Stowell v. Bennett, 169 Vt. 630, 630 (1999) (mem.). The court articulated reasonable grounds for its decision. While plaintiff disagrees with the court's conclusion, she fails to demonstrate any abuse of discretion. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (explaining that arguments which amount to nothing more than disagreement with court's reasoning and conclusion do not demonstrate abuse of discretion).

Plaintiff also argues that the assistant judge had a conflict of interest because the judge's son worked at defense counsel's firm. As set forth above, the assistant judge disclosed this information to the parties on the record and the trial judge appropriately recessed to allow the parties to consider how to proceed. See Vermont Code of Jud. Conduct, Canon 2.11(C) (explaining that "judge subject to disqualification under this Rule . . . may disclose on the record the basis of the judge's disqualification and may advise the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive disqualification"). Plaintiff stated on the record that she had no objection to the judge remaining on the case. See id. (explaining that "[i]f, following the [judge's] disclosure, the parties and lawyers agree, without participation by the judge or court personnel, that the judge should not be disqualified, the judge may participate in the proceeding"). Because plaintiff agreed to the judge's participation below, we do not address this argument on appeal. See State v. Morse, 2019 VT 58, ¶ 7, 211 Vt. 130 (explaining that party who invites "error waives or intentionally relinquishes their right to challenge it on appeal" (quotation omitted)).

On the merits of the stalking order, plaintiff asserts that defendant had access to emails she sent to the father of her child, Mr. Varkoutas. Plaintiff references identity fraud, cyber bullying, cyber fraud, and money theft, although it is not clear how these allegations relate to defendant. She complains about the tenor of emails sent to her by defendant and Mr. Varkoutas. She states that, although she has no personal issue with defendant, her child does not want to be around defendant. Plaintiff reiterates that she does not know defendant but expresses concern about defendant's former spouse as well as defendant's access to any personal materials that may be in the home that defendant now shares with Mr. Varkoutas. Plaintiff appears to suggest that defendant has interfered with money being paid to plaintiff and her child and she seeks financial relief.

2

The only order before us is the denial of an order against stalking and we do not address the unrelated matters asserted by plaintiff in her brief. As the trial court explained, to be entitled to a relief-from-stalking order, plaintiff needed to show that defendant:

> engage[d] purposefully in a course of conduct directed at [her] that [defendant] knows or should know would cause a reasonable person to:
>
>  (A) fear for . . . her safety or the safety of a family member; or
>
>  (B) suffer substantial emotional distress as evidenced by:
>
>   (i) a fear of unlawful sexual conduct, unlawful restraint, bodily injury, or death; or
>
>   (ii) significant modifications in the person's actions or routines, including moving from an established residence, changes to established daily routes to and from work that cause a serious disruption in the person's life, changes to the person's employment or work schedule, or the loss of a job or time from work.

12 V.S.A. § 5131(6). Plaintiff failed to introduce any evidence to satisfy these requirements. Her complaint was therefore properly dismissed. We have considered all of the arguments discernable in plaintiff's brief and relevant to this appeal and conclude that they are all without merit.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice