VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    24-AP-219



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

MARCH TERM,   2025

Jennifer Parmelee\* v. Elias Varkoutas

}  APPEALED FROM:
}
}  Superior Court, Addison Unit,
}  Family Division
}  CASE NO. 24-FA-02082
   Trial Judge: David R. Fenster

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the trial court's denial of her request for a relief-from-abuse (RFA) order against defendant, who is her former romantic partner and father of the parties' child.  We affirm.

Plaintiff filed this action in July 2024 seeking an RFA order on behalf of herself and the parties' minor child.  She argued that defendant should keep the parties' child away from his new partner; plaintiff also alleged that defendant was being financially manipulated by his new partner.  Prior to the final hearing, plaintiff moved to disqualify defense counsel.  Before this motion was heard, an assistant judge disclosed on the record that her son worked for defense counsel's firm.  The parties considered this information outside the presence of the trial court and, when court resumed, neither objected to having the assistant judge continue on the case.

The court considered plaintiff's motion to disqualify defense counsel at the hearing and denied it.  The court looked to the professional conduct rules for guidance and found that plaintiff failed to identify any grounds for disqualification.  It explained that plaintiff referenced interactions with counsel's firm that occurred several years earlier and involved matters that were not substantially related to this case.  Cf. V.R.Pr.C. 1.9(a) (stating that "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent").  Even if plaintiff knew other lawyers in the firm, she did not show any lawyer-client relationship with these individuals that would implicate the professional conduct rules.  On the merits, the court found that plaintiff failed to show that she was entitled to an RFA order.  There was no evidence of any "abuse" as defined by statute.  See 15 V.S.A. § 1101(1) (defining "abuse").  It found no evidence of any financial manipulation that could amount to defendant engaging in "coercive controlling behavior" of plaintiff.  Id. § 1101(1)(B).  The court noted that defendant was paying child support as ordered and that whatever financial disputes the parties may have been having did not constitute abuse.  This appeal followed.

Plaintiff raises various arguments on appeal, only some of which appear to relate to this case. Plaintiff reiterates her assertion that defendant's counsel had a conflict of interest because plaintiff had an "extended history" with counsel's firm. We reject this argument. "Disqualification of counsel is a drastic measure, and the moving party bears the burden of supporting a motion to disqualify." In re Watts, 2024 VT 48, ¶ 26 (quotation omitted). "A motion to disqualify counsel is a matter that rests within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of discretion." Stowell v. Bennett, 169 Vt. 630, 631 (1999) (mem.). The court articulated reasonable grounds for its decision. While plaintiff disagrees with the court's conclusion, she fails to demonstrate any abuse of discretion. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (mem.) (explaining that arguments which amount to nothing more than disagreement with court's reasoning and conclusion do not demonstrate abuse of discretion).

Plaintiff also argues that the assistant judge had a conflict of interest because the judge's son worked at defense counsel's firm. As set forth above, the assistant judge disclosed this information to the parties on the record and the trial judge appropriately recessed to allow the parties to consider how to proceed. See Vermont Code of Jud. Conduct, Rule 2.11(C) (explaining that "judge subject to disqualification under this Rule . . . may disclose on the record the basis of the judge's disqualification and may advise the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive disqualification"). Plaintiff agreed on the record that she had no objection to the judge remaining on the case. See id. (explaining that "[i]f, following the [judge's] disclosure, the parties and lawyers agree, without participation by the judge or court personnel, that the judge should not be disqualified, the judge may participate in the proceeding"). Given her agreement below, plaintiff cannot now raise this argument on appeal. See State v. Morse, 2019 VT 58, ¶ 7, 211 Vt. 130 (explaining that party who invites "error waives or intentionally relinquishes their right to challenge it on appeal" (quotation omitted)).

The court did not err in finding that plaintiff failed to allege any act of abuse within the meaning of the relief-from-abuse statutes. Plaintiff offers no persuasive argument to the contrary in her brief. Any relevant arguments about her finances or child support were considered and rejected by the trial court and there is no basis to disturb its conclusion. Plaintiff did not show that these alleged financial disputes constituted "abuse" within the meaning of the statute. We have considered all of the relevant arguments discernable in plaintiff's brief and conclude that they are all without merit.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice