**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    24-AP-355

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2025

Mina Lopez\* v. Scott Marshall

}  APPEALED FROM:
}  Superior Court, Windham Unit,
}  Family Division
}  CASE NO. 165-9-19 Wmdm
Trial Judge: Elizabeth D. Mann

In the above-entitled cause, the Clerk will enter:

Mother appeals pro se from the trial court's denial of her request to modify parental rights and responsibilities (PRR) and parent-child contact (PCC).  We affirm.

The parties divorced in 2021.  They are the parents of a minor child.  Pursuant to their agreement, they share legal PRR and mother has primary physical rights and responsibilities.  In August 2024, father moved to enforce PCC, alleging that mother unilaterally cut off his contact with the parties' child.  Mother responded to the motion and also moved to modify PRR and PCC.  Mother indicated that she cut off father's PCC because father was facilitating the child's contact with maternal grandparents, which mother opposed.

The court held a hearing on the parties' motions in November 2024.  At the conclusion of the hearing, the court granted father's motion to enforce PCC.  It found no basis to disturb the existing PCC order.  The court subsequently issued an entry order denying mother's motion to modify PRR and PCC.  The court found that mother failed to establish a real, substantial, or unanticipated change of circumstances that would warrant modifying the existing order under 15 V.S.A. § 668.  The evidence did not support reducing father's PCC time nor did it establish any basis upon which contact with the child's maternal grandparents should be limited or prohibited.  The court found that father had been a loving and supportive parent and that the maternal grandparents had similarly been loving and supportive grandparents.  The court noted that, at the hearing, mother expressed hope about moving to Canada or Japan.  She did not identify a date for such a move, which would be dependent on selling her condominium.  The court accordingly found that mother did not have a concrete plan in place for a move.  It added that any such plan would violate the current parenting plan and would require modification of the existing PRR and PCC order.  The court directed that the current parenting plan continue in full force and effect unless and until modified by court order.  This appeal followed.

In her brief, mother provides her version of events.  She complains about the outcome of the hearing.  She suggests that the hearing was unfair and that the judge was biased against her.

She reiterates her complaints about the child's maternal grandparents and the child's contact with them. Mother challenges the credibility of witnesses at the hearing. She expresses other opinions that do not directly relate to the order on appeal. She reiterates that she would like to relocate.

Mother fails to demonstrate any error. The trial court has discretion in determining if there has been a real, substantial, and unanticipated change in circumstances sufficient to modify an existing order. Wener v. Wener, 2016 VT 109, ¶ 17, 203 Vt. 582. As long as the court "applied the correct legal standards, we will uphold the court's factual findings unless they are clearly erroneous and will affirm its legal conclusions if supported by the findings." Vance v. Locke, 2022 VT 23, ¶ 11, 216 Vt. 423. The court's decision here is supported by its findings, which are in turn supported by the record. See Quinones v. Bouffard, 2017 VT 103, ¶ 10, 206 Vt. 66 (recognizing that "court's factual findings must stand unless, viewing the record in the light most favorable to the prevailing party and excluding the effect of modifying evidence, there is no credible evidence to support the findings" (quotation omitted)). Mother's disagreement with the result does not demonstrate an abuse of discretion. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (explaining that arguments amounting to nothing more than disagreement with court's reasoning and conclusion do not make out case for abuse of discretion).

Mother's remaining arguments are equally unpersuasive. She fails to establish that the hearing was unfair or that the court was biased against her. See Klein v. Klein, 153 Vt. 551, 554 (1990) (recognizing that trial judge accorded presumption "of honesty and integrity with burden on the moving party to show otherwise in the circumstances of the case" (quotation omitted)). Her disagreement with the result does not demonstrate bias. See Ball v. Melsur Corp., 161 Vt. 35, 45 (1993) (explaining that "bias or prejudice must be clearly established by the record" and that "contrary rulings alone, no matter how numerous or erroneous, do not suffice to show prejudice or bias"), abrogated on other grounds by Demag v. Better Power Equip., Inc., 2014 VT 78, 197 Vt. 176. While mother contends that the court should have credited her position, determinations regarding the weight of the evidence or the credibility of witnesses are strictly within the trial court's purview, and we will not revisit them on appeal. Mullin v. Phelps, 162 Vt. 250, 261 (1994). We have considered all of mother's arguments and find them all without merit. The court did not err in denying mother's motion to modify and granting father's motion to enforce.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice