VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-367



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2025

Suzanne Colvin v. Rhonda Jepson\*

}  APPEALED FROM:
}
}  Superior Court, Windham Unit,
}  Civil Division
}  CASE NO. 24-ST-00327
   Trial Judge: Rachel M. Malone

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from the trial court's extension of a stalking order.  We affirm.

Plaintiff obtained a six-month stalking order against defendant in May 2024.  At that time, the parties were living in the same apartment complex.  In July 2024, plaintiff moved to modify the order to restrict defendant from coming in close proximity to her.  The court granted the request, modifying the order to require defendant to stay 100 feet away from plaintiff.  Defendant did not appeal the original order or the modified order.

In October 2024, plaintiff moved to extend the order for an additional year.  Following a hearing at which plaintiff and defendant testified, the court granted plaintiff's request.  The court found that, in issuing the original order, it had credited plaintiff's testimony that she had repeated, unwanted interactions with defendant, including physical contact, that made plaintiff fear for her safety.  At the time of that order, the court was aware that defendant planned to move out of the apartment complex and it hoped that there would be no further issues.  The evidence on the motion to modify, however, showed that defendant continued to be in the area and defendant's proximity caused plaintiff fear.  The court found that plaintiff had good reason to be concerned that defendant's behavior would resume absent an extension of the order, as it had in the past.  Defendant was clear that, while she did not intend to return to the apartment complex, she would return to the adjacent drug store and socialize in the drug store's parking lot.  This was very close to the apartment building where plaintiff lived.  It was also a place that plaintiff wanted to visit to shop, access a vehicle, and interact with others.  The court found that, while defendant testified that she was significantly impacted by the distance restriction, she was free to access another drug store in town and she also could meet people at the grocery store across the street, which provided a sufficient distance between defendant and plaintiff's residence.  The court thus extended the order for one year with the same conditions.  This appeal followed.

In her brief, defendant appears to challenge the merits of the original unappealed stalking order.  She contends that the trial court was unaware of the layout of the apartment complex

during the time defendant resided there. She asks this Court to reexamine the testimony of witnesses, including her own testimony, and find that plaintiff stalked her. Defendant makes other assertions that are not part of the trial court record and that were not raised below. We do not address these arguments. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal.").

Defendant fails to demonstrate any error in the court's decision. We do not address the merits of the original stalking order because that order is final. With respect to defendant's second argument, "[w]e leave it to the trial court, as factfinder, to determine the credibility of witnesses and . . . the persuasive effect of the evidence." Swett v. Gates, 2023 VT 26, ¶ 20, 218 Vt. 76 (quotation omitted). With respect to the merits, the trial court has authority to extend a stalking order "for such additional time as it deems necessary to protect the plaintiff." 12 V.S.A. § 5133(e). The court credited plaintiff's testimony here and concluded that a one-year extension was necessary to protect plaintiff. While defendant disagrees with the result, she fails to show that the court erred in reaching this conclusion. See Swett, 2023 VT 26, ¶ 20 (providing that trial court's conclusions will be upheld "where they are reasonably drawn from the evidence presented"); see also Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (explaining that arguments that amount to nothing more than disagreement with court's reasoning and conclusion do not make out case for abuse of discretion).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice