VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      25-AP-066



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

OCTOBER TERM,   2025

| | |
|---|---|
| Jennifer Fabiano\* v. Mary B. Cotton | } APPEALED FROM:<br>} Superior Court, Chittenden Unit,<br>} Family Division<br>} CASE NO. 706-12-17 Cndm<br>   Trial Judge: Megan J. Shafritz |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from the denial of her motion for enforcement of an agreement concerning parental rights and responsibilities (PRR).  We affirm.

The parties are parents of a minor child born in December 2015.  They entered into a March 2024 agreement regarding PRR, parent-child contact, and related matters.  In November 2024, plaintiff moved to enforce the agreement, arguing that defendant violated the order by keeping the child on a day in which the child's school was closed and taking her rock climbing and skiing at different locations than those chosen by plaintiff.  Plaintiff asked the court to award her attorney's fees, hold defendant in civil contempt, and hold that there had been a change in circumstances sufficient to modify PRR.  Defendant opposed the motion and asked that it be dismissed.  In January 2025, plaintiff filed a supplemental motion, complaining that defendant would not allow the child to wear an Apple watch that plaintiff purchased, and that defendant would not transport the child to a particular climbing program or split the cost of the child's activities.  In her supplemental filing, plaintiff requested an immediate hearing and sought to hold defendant in contempt.

The court denied the motions without a hearing.  It found that the issues raised in plaintiff's motions did not constitute clear violations of the parties' current agreement and order that would warrant the court's attention and intervention or scheduling enforcement proceedings from the court's scarce resources.  Instead, they represented the type of ongoing minor conflicts and disputes that had plagued the parties' relationship since their separation and post-judgment litigation.  The court emphasized that parents must learn to resolve these types of issues in the child's best interests on their own, with the help of the guardian ad litem (GAL), or through mediation.  The court noted that it could refer the parties to parent coordination under Vermont Rule for Family Proceedings 4.3(e) if they agreed it would be helpful.  Plaintiff now appeals.

Plaintiff argues that the court erred by failing to hold a hearing on her motion to enforce.  She acknowledges that the court has discretion in deciding whether to hold a hearing but contends that the court's decision rested on untenable reasons.  Specifically, she faults the court

for encouraging the parties to work out these types of issues between themselves, with the help of the GAL, or through mediation, arguing that these methods had already been tried. Plaintiff appears to assert that she was entitled to a hearing, and to relief, because defendant clearly and substantially breached the parties' agreement and was in contempt of an existing order. She asserts that by declining to address the issues and hold a hearing, the court implicitly approved defendant's "contempt" and left her without recourse.

We find no error. As plaintiff recognizes, the court is not required to hold an evidentiary hearing if it determines such a hearing is unnecessary. See V.R.C.P. 7(b)(6); see also V.R.F.P. 4(a)(2) (providing that civil rules apply in family proceedings unless otherwise noted). Further, as defendant points out, the material facts here appear undisputed and plaintiff does not appear to argue otherwise.

The heart of plaintiff's argument appears to be that the court should have held defendant in contempt. Plaintiff relies on Vermont Rule of Family Proceedings 16(b)(1), which provides that "[t]he court shall issue an order initiating a [contempt] proceeding only if the alleged contempt, if proven, would be a clear and substantial violation of a previous order of the court." The court acted well within its discretion in deeming this standard unsatisfied. It reasonably concluded that a dispute about whether the child's school closure for the solar eclipse was technically a "holiday" was minor, as were the disputes over where the child would engage in skiing and rock climbing and whether the child could wear an Apple watch during parent-child contact with defendant. The fact that the parties had been unsuccessful so far in working out these minor disputes among themselves did not compel the court to initiate contempt proceedings. The court did not leave plaintiff without recourse. It concluded that she failed to show that contempt proceedings should be initiated. The court also noted that, if the parties agreed, it would refer them to parent coordination under Family Rule 4.3(e). While plaintiff disagrees with the court's decision, she does not demonstrate any error. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (explaining that arguments which amount to nothing more than a disagreement with court's reasoning and conclusion do not make out a case for an abuse of discretion). We have considered all arguments discernable in plaintiff's brief and deem them all without merit.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice