VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-268

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2026

Laura Woods\* v. William Shackett

}
}
}
}

APPEALED FROM:

Superior Court, Rutland Unit, Civil Division
CASE NO. 25-ST-00690
Trial Judge: Alexander N. Burke

In the above-entitled cause, the Clerk will enter:

Plaintiff, self-represented, appeals from the trial court's denial of her request for a stalking order against defendant. We affirm.

The parties own adjacent property. Plaintiff sought a stalking order against defendant, alleging that he was constantly standing on his porch, threatening her with a shotgun. Plaintiff testified to this effect at the hearing, as did her spouse. Plaintiff acknowledged that she had numerous cameras on her property but stated she had no footage of defendant acting in the way she described. Defendant testified that he does not own a shotgun and never threatened plaintiff. He recounted an incident in which a dog from plaintiff's property entered his property and frightened his grandchildren. He testified that he took an unloaded air rifle outside with him but did not point it at the dog, plaintiff, or anyone else.

At the conclusion of the hearing, the court determined that plaintiff failed to meet her burden of proof. It credited defendant's testimony that he possessed an air rifle but not a firearm and that defendant's only interaction with plaintiff involved the loose dog. Even assuming arguendo that this one incident was threatening, the court found no other incidents occurred, and thus plaintiff could not establish a "course of conduct" necessary to show stalking. See 12 V.S.A. § 5131(6) (defining "stalk" as to "engage purposefully in a course of conduct directed at a specific person that the person engaging in the conduct knows or should know would cause a reasonable person to: (A) fear for the person's safety or the safety of a family member; or (B) suffer substantial emotional distress"); id. § 5131(1)(A)(i) (defining "course of conduct," in relevant part, as "two or more acts over a period of time, however short, in which a person follows, monitors, surveils, threatens, or makes threats about another person, or interferes with another person's property"). The court thus denied plaintiff's request for relief. Plaintiff appeals.

In her brief, plaintiff presents her view of the evidence and the credibility of witnesses. We do not reassess the weight of the evidence or the credibility of witnesses on appeal; those matters are within the exclusive province of the trial court. Cabot v. Cabot, 166 Vt. 485, 497 (1997) ("As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence."). Plaintiff had the burden of establishing that defendant stalked her, 15 V.S.A. § 5133(b), and the court concluded that she failed to meet that burden. While plaintiff might disagree with the court's decision, she fails to demonstrate any error. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (mem.) (explaining that arguments that amount to nothing more than disagreement with court's reasoning and conclusion do not make out case for abuse of discretion).

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice