VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     25-AP-405

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2026

Alyssa MacDonald v. Arundell Robinson*        }   APPEALED FROM:
                                              }   Superior Court, Windsor Unit,
                                              }   Family Division
                                              }   CASE NO. 23-DM-02246
                                                  Trial Judge: H. Dickson Corbett

In the above-entitled cause, the Clerk will enter:

Father, self-represented, appeals from the trial court's order denying his request to modify parental rights and responsibilities (PRR) and parent-child contact (PCC). We affirm.

The parties have three minor children. The court issued a parentage order in February 2025. The parties did not agree to share PRR, and the court awarded mother primary legal and physical PRR, subject to father's right to PCC. With an exception for emergencies, the court directed mother to "advise father in advance of any legal decision and the options she is considering and . . . give father a meaningful opportunity to have input regarding the options prior to making a final decision." The order stated that mother "shall consider father's position but she shall have final say on any decisions." The court's order also set forth a PCC schedule for father, including the right to reasonable telephone or video conversations with the children. Father appealed from this order but voluntarily dismissed his appeal in July 2025.

Around the same time, father filed the motion to modify PRR and PCC at issue in this appeal. He alleged that the parenting plan set forth in the parentage order was not working. Following an evidentiary hearing, the court denied father's motion. The court concluded that father failed to demonstrate a "real, substantial, and unanticipated change of circumstances" sufficient to modify the existing order. 15 V.S.A. § 668(a).

The court made the following findings. In May 2025, mother experienced a house fire. Mother and the children spent time thereafter living in a hotel suite funded by mother's insurance company. The children did not miss school or any of their activities during this time. Father did not miss his scheduled PCC. While father argued that mother "concealed" her location from him during this time, the court found that he failed to identify any real or substantial impacts upon his parenting time or his parental rights under the final order. Father argued that he did not know where the children were during this time, so he could not have picked them up during an

emergency. The court considered this argument unpersuasive as father did not have a right under the final PRR order to monitor the movements of mother and children or a right of first refusal with respect to emergency plans. Mother was responsible for making emergency plans for the children when they were with her.

Father also complained that mother excluded him from two routine medical appointments. The court found that mother informed father about the children's medical and dental providers, she told him about the appointments in question, and father had access to the children's medical and dental records. While one of the appointment times might have changed at the last minute, the court found this a common life experience for parents. Father had the ability to keep himself apprised of the appointments through his independent right of access to records. Father also asserted that mother pierced their child's ears without telling him. The court found that the credible evidence showed that mother consulted father and heard his input (he was opposed) before making this decision. It again found that father failed to identify any real and substantial departure from the parenting plan related to this issue.

The court reached a similar conclusion with respect to father's complaint that mother did not list him as an emergency contact for the children at their schools and daycare. The court explained that mother was responsible for making decisions about the children's education, including filling out educational forms and deciding how emergencies would be handled at school. Father raised several additional arguments as well concerning social media, sporting events, and his phone calls with the children, which the court considered and rejected. Taking father's evidence as a whole, and considering all the circumstances, the court concluded that father failed to show a real, substantial, and unanticipated change of circumstances that would support a modification of the parenting plan. Father appeals.

We review the trial court's decision as to whether there has been a real, substantial, and unanticipated change of circumstances for abuse of discretion. Wener v. Wener, 2016 VT 109, ¶ 17, 203 Vt. 582. As long as the trial court "applied the correct legal standards, we will uphold [its] factual findings unless they are clearly erroneous and will affirm its legal conclusions if supported by the findings." Vance v. Locke, 2022 VT 23, ¶ 11, 216 Vt. 423. We leave it to the trial court, as factfinder, to assess the credibility of witnesses and weigh the evidence. See Kanaan v. Kanaan, 163 Vt. 402, 405 (1995) (explaining trial court's findings are entitled to wide deference on review because it is in unique position to assess credibility of witnesses and weigh evidence presented).

Father first asserts that the court's findings are inadequate to support its decision. He contends that the court failed to explain why it considered his evidence unpersuasive, leaving this Court unable to engage in meaningful appellate review.

We reject this argument. "The purpose of findings is to make a clear statement to the parties, and to this Court, if appeal is taken, of what was decided and how the decision was reached." New England Power Co. v. Town of Barnet, 134 Vt. 498, 503 (1976). The basis for the court's decision is evident here. Father essentially disagrees with the way in which the court weighed the evidence, and this Court does not reweigh the evidence on appeal. See Kanaan, 163 Vt. at 405; see also Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (mem.) (explaining that arguments which amount to nothing more than disagreement with court's reasoning and conclusion do not make out case for abuse of discretion).

Father next argues that the court committed clear error in finding that mother engaged in meaningful consultation with him about parenting decisions. He cites to mother's testimony concerning piercing one of their children's ears. Mother testified, however, that she did ask father about piercing the child's ears in person, and he responded he was opposed to it until the child was three years old. Mother asked the child about it and decided to go forward with the ear piercing in April 2025. The court's finding that mother consulted with father about this decision is supported by the evidence.

Finally, father complains that that the court failed to properly apply the statutory best-interest factors. The court did not analyze the best-interest factors here because the threshold requirement of changed circumstances was not satisfied. See LaFlam v. LaFlam, 2022 VT 57, ¶ 12, 217 Vt. 304 (recognizing that court must find "real, substantial, and unanticipated change of circumstances" before it can "move on to the question of whether a modification is in the best interests of the children" (quotations and brackets omitted)). We thus reject this claim of error.

While father disagrees with the court's decision, he fails to show that the court abused its discretion in denying his motion to modify PRR and PCC.

Affirmed.

BY THE COURT:

_____
Nancy J. Waples, Associate Justice


_____
Christina E. Nolan, Associate Justice


_____
Michael P. Drescher, Associate Justice